HILL vs. DURAND and others, imp. (Two Appeals.)

*October 13 — November 10, 1880.*

EQUITY. *Action against trustee, to charge trust estate: Jurisdiction of equity: Parties plaintiff and defendant.*

1. An action for the discharge of a mortgage, and to obtain an accounting and have a trust estate, in the hands of one of the defendants, charged with moneys which have been overpaid, by mistake, to the trustee, upon the mortgage debt, and have become a part of such estate in his hands, is within the jurisdiction of equity; and, upon the complaint, this is *held* to be such an action.

2. It appearing by the complaint that the indebtedness secured by the mortgage was that of plaintiff and one S., but that most if not all of the payments thereon were made by plaintiff, who alone gave the collaterals: *Held*, that the excess in the payments (if any) was presumably paid from plaintiff's funds, and that S. is not a necessary party to the action.

3. The mortgage in question being given to secure an indebtedness belonging either wholly or partly to a trust estate, and it being sought to charge the alleged excess of payments upon such estate, the *cestui-que-trusts* are necessary parties defendant.

APPEALS from the Circuit Court for *Racine* County.

These appeals were taken from two orders overruling two separate demurrers to the complaint, viz., the demurrer of *Henry S. Durand,* and that of *Frances Eliza Durand* and two others. The grounds of demurrer alleged were, a lack of jurisdiction in equity by reason of there being a complete and adequate remedy at law; a defect of parties plaintiff in the omission of one Sinclair; improper joinder of several causes of action; and insufficiency of facts. The substance of the complaint, as understood by this court, will sufficiently appear from the opinion.

The briefs for the appellants were signed by *David S. Ordway,* of counsel, in behalf of *Finches, Lynde & Miller* and *Wm. C. Allen;* and there was oral argument by *Mr. Lynde* and *Mr. Ordway.*

*John T. Fish,* for the respondent.

COLE, J. While the transactions set forth in the complaint are quite complicated, still it seems to us not difficult to ascertain the object of the suit. The object seems to be twofold: *first,* to procure the discharge and cancellation of the mortgage on the vessel Green Bay, given on the 9th of March, 1874; and *second,* to obtain an accounting, and have the trust estate charged with the moneys which have been overpaid to the trustee through mistake, and which have become a part of such estate in his hands. That this presents a plain case for

the jurisdiction of a court of equity is obvious.   The relief asked is equitable, such as a court of law cannot afford by its usual processes.   We presume the learned counsel for the defendants would not seriously controvert that proposition; but he takes some objections to the complaint even as one to procure the discharge of the mortgage.   He says that it nowhere appears that the debt which the mortgage sought to be cancelled secured, has been paid.   The mortgage was given on the individual property of the plaintiff as collateral security for the payment of the several debts mentioned.   So far as this suit is concerned, it is not important to know who were primarily liable for these debts, or to whom they belonged. It is a fair inference from the allegations, that most, if not all, of this indebtedness belonged to the trust estate.   However this may be, it does clearly appear that this mortgage was given to the defendant *Henry S. Durand*, as trustee of the estate of Caroline B. Durand, for the sum of $5,000, to secure the payment of a note of that amount, which securities were delivered and were received and held as collateral securities in place of the notes and mortgage executed by plaintiff August 12, 1867.   The complaint shows that many payments have been made which should be applied on the original indebtedness.   It is alleged that the plaintiff, since the year 1863, by mistake, and in ignorance of the true state of the account between him and the defendant *Henry S. Durand*, and relying upon the representations of the said *Henry S.*, has paid the latter, as trustee, the sum of about $6,000, including interest, which sums have been used by *Henry S.* to improve and increase the trust estate in his hands as trustee under the will of Caroline B. Durand, a copy of which will is attached to and made a part of the complaint.   Further, that the plaintiff has from time to time demanded from the said *Henry S.* payment of the amount due him, and has demanded an accounting, but the said *Henry S.* adopts various fraudulent devices to avoid a settlement, and falsely and fraudulently pretends that the

plaintiff has not paid the original indebtedness, and refuses to discharge the mortgage given to secure its payment.

It seems unnecessary to refer further to the matters stated, in order to show that the first and fourth grounds of demurrer are not well taken; for it is quite apparent that, in the complicated state of the accounts between the parties, the plaintiff could not ascertain the precise amount due on the mortgage without a full accounting as to payments made and moneys advanced. It is evident that a court of equity would not cancel the mortgage until all the debts were paid which it was given to secure. But it is difficult to conceive of a series of transactions more complicated than those set forth, nor can one readily imagine a case more appropriate for the jurisdiction of a court of equity. Most of these transactions relate to and are connected with a trust estate, where the jurisdiction of equity is undoubted.

But it is said there is a defect of parties plaintiff on account of the omission of Jefferson Sinclair. This ground of demurrer we likewise deem untenable. It is true, Sinclair was a member of the firm of Hill & Sinclair, which firm gave two of the original notes to Mrs. Durand. But Sinclair has no interest in the mortgaged property, which belongs to the plaintiff, nor can we see that he is a necessary party to the accounting. The plaintiff has made the payments, or most of them, on the indebtedness secured by the mortgage; and he alone gave the collaterals. Now, as we have said, one ground of relief sought is the cancellation of the mortgage on the individual property of the plaintiff. Sinclair can have no interest in that matter. If the plaintiff has made overpayments to the trustee on the indebtedness, presumably he has done so out of his own funds. This does not concern Sinclair. In no aspect is he a necessary party to the suit.

The third ground of demurrer is, that several causes of action have been improperly united — one being a cause of action at law against the defendant *Henry S.* as trustee of

the other defendants, for money paid to him through mistake; another being an equitable cause of action against *Henry S.* as such trustee, to compel him to satisfy and discharge the mortgage; another being a cause of action at law against *Henry S.* individually, to recover back money paid to him by mistake on one of the original notes; and still another cause of action at law against *Henry S.* individually, for and on account of wood and coal sold and delivered to him by the plaintiff.   In respect to these objections we observe, that we do not understand that it is one object of this suit to recover back from *Henry S. Durand,* either individually or as trustee, moneys which were overpaid him through mistake.   It is true, in the prayer the plaintiff demands judgment that an account be stated between him and the defendants, and their several interests in said moneys be adjudged, and their liabilities to the plaintiff decreed, and that the plaintiff have judgment for said amounts.   This prayer is not very definite or explicit; but it may well be construed, and we think ought to be construed, in view of the facts stated, as merely asking that the trust estate be charged with the payment of the excess paid the trustee, and which excess the trustee has used for the benefit and increase of the trust estate.

The complaint alleges that the various payments made to the defendant *Henry S. Durand,* and the coal and wood delivered to him, were received as payments on the indebtedness secured by the mortgage, and were always so applied. Whether, in the accounts between the trustee and beneficiaries, all these things should be treated as proper charges against the trust estate, is a question which does not arise here.   But certainly, as between the plaintiff and defendants, all these payments of money, wood, etc., should be applied to discharge the original indebtedness, and it is alleged that they were so appropriated by the said *Henry S.,* as agent and trustee, both before and after the death of Caroline B. Durand.   It follows from these views that the order of the circuit court overruling

the demurrer of the defendant *Henry S. Durand* must be affirmed.

The *cestui-que-trusts* put in a separate demurrer, taking substantially the same objections to the complaint as were taken by their co-defendant, *Henry S. Durand*. The only question arising on their demurrer, which we need consider, is, whether a cause of action is stated as to them. And we think there is. The notes and mortgage given August 12, 1867 (which were the first collateral securities), were certainly for the benefit of Mrs. Durand. It is alleged that these notes and this mortgage were made payable to one William Cowles, who received the same on the express condition that they were to be held as collateral security for the amount due Mrs. Durand.

It does not distinctly appear whether Mrs. Durand, at this time, owned the entire indebtedness for the payment of which the collateral security was given, or not. Plaintiff's counsel claims that all the money, or the entire debt secured, belonged to her, and was a part of the trust estate. But, however this may be, certain it is that Mrs. Durand was interested in the first collateral security given by plaintiff. The substituted security, as we have said, ran in the name of *Henry S. Durand*, trustee of the estate of Caroline B. Durand. It seems to us plain that the beneficiaries — those owning the trust estate — are proper, if not necessary, parties to an action brought to obtain a cancellation and discharge of that mortgage. But, moreover, as we have held above, one object of the suit appears to be to charge the trust estate with the excess paid the trustee through mistake, which excess has become a part of such estate. No such relief as that could surely be granted unless the *cestui-que-trusts* are before the court. We do not understand that it is claimed that they are personally liable to refund the excess, and a personal judgment is not asked against them, as we have construed the prayer for judg-

ment. But if the excess has gone into, and now forms a part of, the trust estate belonging to them, as is alleged, we are not prepared to say that the trust estate should not be charged with its repayment. Very cogent reasons could be given, if necessary, for doing this. But we shall not go into the matter. It is not claimed that the trustee was guilty of any misconduct in the matter. The inference is that he innocently received the overpayments, and has used the money to improve and increase the trust estate. The *cestui-que-trusts* are certainly necessary parties to settle the controversy, and to determine whether the trust estate is justly chargeable with these overpayments.

The order of the circuit court overruling their demurrer must therefore be affirmed.

*By the Court.*— The orders overruling the demurrers are affirmed.