BIRON and others, Respondents, vs. SCOTT, Trustee, imp., Appellant.

*September 5 — September 29, 1891.*

*Estates of decedents: Presentation of claims: Trusts and trustees: Parties.*

1. The complaint alleges that S., as administrator of the estate of B., sold land of the latter, nominally to another person but in reality to himself, in fraud of the heirs of B.; and that after the death of S. the land was again sold and the proceeds were received by his testamentary trustee. *Held*, that upon such facts the said testamentary trustee held the proceeds of the latter sale in trust for the heirs of B., and that said heirs might maintain an action for an accounting, although no claim in respect thereto had been presented against the estate of S.

2. In such action the *cestuis que trustent* under the will of S., though not residents of this state, must be joined with the trustee as parties defendant. *Swift v. State L. Co.* 71 Wis. 476, distinguished.

APPEAL from the Circuit Court for *Monroe* County.

The cause was before this court on former appeals, and is reported in 77 Wis. 477. This is the consolidated action, in which the plaintiffs are *George S. Biron, Mary Laura Biron,* and *Francis Biron,* and the defendants were *Walter A. Scott,* as trustee of the estate of Thos. B. Scott, deceased, and John Edwards. The defendant Edwards having died, the executors of his will have been substituted as defendants in his place.

The complaint is substantially the same as in the several actions consolidated, and prays judgment against the defendants severally that they be adjudged to hold in trust the money received by them upon the sale of the lands in question to the T. B. Scott Lumber Company, and that the plaintiffs *George S. Biron* and *Mary Laura Biron* have a lien thereon, and that an accounting be had, etc. The defendants John Edwards and *Walter A. Scott,* as trustee,

answered separately, their answers being substantially the same, except as to the fifth and sixth defenses in the answer of *Scott*. The fifth defense in that answer is, in effect, that the action is barred because no claim had been presented against the estate of Thos. B. Scott, deceased. The sixth defense is to the effect that the estate of Thos. B. Scott, deceased, was fully administered by his executors, and the residue thereof turned over to the defendant *Walter A. Scott*, as testamentary trustee, in December, 1887, and that he now holds said estate as such trustee and not otherwise; that the lands in question were sold by the widow and heirs of Thos. B. Scott, deceased, before the defendant had qualified as such trustee; that the proceeds of said sale are a part of the trust funds in his hands as such trustee; and that the *cestuis que trustent*, the residuary legatees of Thos. B. Scott, deceased,— being the defendant, and Thos. B. Scott, residing at St. Paul, Minn., and Cassie M. Cushing, residing at Highland Park, Ill.— are each and all of them necessary parties defendant.

To these two defenses the plaintiffs demurred on the ground that neither of them stated facts sufficient to constitute a defense. From an order sustaining such demurrer the defendant *Walter A. Scott* appealed. Other facts will appear from the opinion.

For the appellant there was a brief by *Gardner & Gaynor*, attorneys, and *S. U. Pinney*, of counsel, and oral argument by *Geo. R. Gardner* and *Mr. Pinney*. To the point that the action was barred because no claim had been presented against the estate of Thos. B. Scott, deceased, they cited R. S. secs. 3838, 3844, 3860; *Jones v. Estate of Keep*, 23 Wis. 45; *Gunther's Appeal*, 40 id. 115; *Bayliss v. Estate of Pricture*, 24 id. 651; *Lannon v. Hackett*, 49 id. 261; *Batchelder v. Batchelder*, 20 id. 452; *White v. Fitzgerald*, 19 id. 480, 488; *Carpenter v. Murphey*, 57 id. 541; *Webster v. Estate of Lawson*, 73 id. 561.

*Geo. L. Williams*, for the respondents, argued that when Thos. B. Scott, as administrator of the estate of Biron, sold the lands of that estate to his partner and himself, he continued, nevertheless, at the election of Biron's heirs, to be a trustee of the lands for them. *Ellison v. Ellison*, 1 L. C. in Eq. (White & Tudor's notes), 245; *Fox v. Mackreth*, id. 115; *Gardner v. Ogden*, 22 N. Y. 327–338. The sale was not absolutely void, but voidable only, at the election of the heirs. They were entitled to acquiesce in the sale, or to have the lands reconveyed to them, refunding the price paid, or to have the lands re-exposed to sale. 4 Kent's Comm. 438; Willard, Eq. Jur. (2d ed.), 606; *Davoue v. Fanning*, 2 Johns. Ch. 252. But they had no other claim against Thos. B. Scott. Such title as he had in the lands passed by his will to *Walter A. Scott*, and the latter became, at the election of the *Biron* heirs, their trustee of the lands in his father's place. Willard, Eq. Jur. (2d ed.), 608; 2 Washb. Real Prop. (4th ed.), 484, sec. 21; Perry, Trusts, sec. 217; *Lyford v. Thurston*, 16 N. H. 399; Pomeroy, Eq. Jur. sec. 1048. And as the heirs had no claim for money against Thos. B. Scott, so they had none against *Walter A. Scott*. But when the latter sold the lands again and received the money therefor, he then became liable to the heirs of Biron to account for the profits of such sale. *Hawley v. Cramer*, 4 Cow. 717–744; 2 Washb. Real. Prop. (4th ed.), 523, sec. 21; Willard, Eq. Jur. 607. But he became liable to them as their trustee, and not as the representative of his father's estate. It follows that the failure to present a claim against that estate is not a bar to this action. It follows also that the residuary legatees of Thos. B. Scott are not necessary parties to this action. This action is to recover a simple contract debt. Willard, Eq. Jur. 607; Story, Eq. Jur. 607. It is an action by the plaintiffs against their trustee personally. The moneys of which an accounting is sought never became a part of the trust estate under the will of Thos. B. Scott,

and are not subject to the bequests made in such will. The residuary legatees under that will reside out of the state and are not within the jurisdiction of the court. *McGonigal v. Colter*, 32 Wis. 614, 625. Neither of them has submitted himself to the jurisdiction and asked to be made a party. *Swift v. State L. Co.* 71 Wis. 476. And even if this were an action to recover a claim against the estate of Thos. B. Scott, these residuary legatees would not be necessary or proper parties. *King v. Lawrence*, 14 Wis. 238; *Smith v. Ford*, 48 id. 144; *McLeod v. Evans*, 66 id. 401; *Swift v. State L. Co.* 71 id. 476; *Rogers v. Rogers*, 3 Paige, 379; Pomeroy, Rem. secs. 315–354; Daniell's Chancery Pl. & Pr. *27.

COLE, C. J. The demurrer to the fifth defense raises the question whether the plaintiffs' action is barred because the claim was not presented to the county court as a claim against the estate of Thomas B. Scott. On that point I have had considerable doubt, and I am still not as clear in my own mind as I would like to be after all the examination I have been able to give the case. I am, however, inclined to the opinion, on the facts, that the demurrer was well taken as to that defense.

It appears that the time for presenting claims against the estate of Thomas B. Scott expired on the 7th of June, 1887. The claim in this case is for the proceeds of the sale of the lands which belonged to the plaintiffs as heirs of Francis Biron, Sr., which lands, it is alleged, Thomas B. Scott fraudulently sold when acting as administrator of the Biron estate. It is sufficient to say that the complaint shows that the title to an undivided one-half of a portion of these lands became and was vested in Thomas B. Scott when he died. The theory of the action is that this was a voidable sale, as far as the plaintiffs were concerned, and that they could affirm or avoid it, at their election. They are willing to let it stand and proceed for the proceeds.

The interest of Scott in these lands passed under his will, as a part of his residuary estate, to the defendant *Walter A. Scott*, testamentary trustee; but it appears that in September, 1887, the interest of the estate of Thomas B. Scott in the lands was sold and conveyed to the lumber company. It is as to the proceeds of this sale that the plaintiffs seek an accounting and claim the right to a lien upon them.

It will be seen that this claim did not exist until the period for presenting claims against the estate of Thomas B. Scott had expired. It is true the administration of the estate of Thomas B. Scott was not closed until December, 1887; and the doubt which I have had was whether the plaintiffs, after the sale was made and the claim became absolute,— they having elected to let the sale stand,— should not have presented it to the county court under sec. 3860, R. S. That section provides: "If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims, the person having such claim may present it to the county court, and prove the same, at any time within one year after it shall accrue or become absolute." The language of the statute is permissive, and it may be doubtful if the intention was to bar all actions on such a claim unless the remedy in this section was resorted to; but, be that as it may, there is this further fact to be considered, namely, when *Walter A. Scott* received the proceeds of the sale he received them as trustee for the plaintiffs, and stands in the place of his father in respect to them. The proceeds were still trust funds, arising from the sale of trust property, and came into his hands as such. Equity would surely impress the trust on them in favor of the plaintiffs, and compel him to account for them. This court has gone a great length in protecting the rights of beneficiaries in trust funds. The rule is of wide application, and we think it extends to the trustee, *Walter A. Scott*, in respect to the proceeds of

the sale. In that view, the claim for the proceeds of the sale was not one strictly or solely against the estate of Thomas B. Scott. It is quite immaterial whether *Walter* received these trust funds as testamentary trustee or not. If the facts stated in the pleadings are true, they are trust funds, and he holds them as trustee for the *Biron* heirs. The learned circuit court, we infer, took that view, and held that *Walter A. Scott* was liable for them as trustee of the plaintiffs, and not as the representative of his father's estate; and hence that the failure to present the claim for allowance against the estate of Thomas B. Scott was not a bar to this action. There is certainly much force in that view of the matter. It is further alleged, in substance, in the complaint that the plaintiffs were ignorant of the fraudulent practices relating to the sale of their father's lands by the administrator, and did not know that they had the right to question or avoid sales made by him. But the sale which was made to Thomas B. Scott and the defendant Edwards would be set aside in equity for fraud, if the facts stated in the complaint are established by proof. This is all we deem it necessary to say as to the fifth defense.

As to the sixth defense,— that the two *cestuis que trustent*, Thomas B. Scott and Cassie M. Cushing, should be made parties to the action,— we think the demurrer bad. They are interested as residuary legatees in the estates of both their father and mother; and while we have held that *Walter A.*, having received the proceeds of the sale, occupies the relation of his father in respect to them, and is answerable for them to the plaintiffs, still it is obvious that a recovery by the plaintiffs will diminish the trust funds in *Walter's* hands, which he holds subject to the trust created by the wills of his father and mother. It would seem, therefore, that they are necessary parties in a suit to determine the validity of the plaintiffs' claim. It is a general rule in equity that in a suit respecting trust property,

brought against the trustee, the *cestui que trust* is a necessary party. There are exceptions to this rule, but there is no fact or circumstance stated in the pleadings which brings the case within any of the exceptions. The absent parties beneficially interested in the residuary estates of Thomas B. and Annie E. Scott are only two, and, while it appears that they are nonresidents, yet this fact affords no sufficient reason for not making them parties to the controversy. They are surely directly interested in the question whether the proceeds of the sale belong in equity to the plaintiffs, and whether the plaintiffs should have a lien on that fund which has passed into the hands of *Walter A.* as testamentary trustee. Indeed, we do not well see how an accounting could be had and a binding decree made as to the proceeds of the sale in the absence of the beneficiaries. In *Day v. Wetherby,* 29 Wis. 363, 370, it is said: "The general rule in equity is that in suits respecting the trust property, brought against the trustee, the *cestui que trust* is a necessary party, because the beneficiary owns the equitable and ultimate interest affected by the decree." This was merely following the rule laid down in the elementary works on the subject, and which was fully recognized in *Iowa Co. v. Mineral Point R. Co.* 24 Wis. 93, 127. See, also, *Hubbard v. Burrell,* 41 Wis. 365; *Hill v. Durand,* 50 Wis. 354. Now, if the plaintiffs establish their equities in the proceeds, they have the right, on affirming the sale, to trace the proceeds into the fund in the hands of the testamentary trustee, and treat them as the land itself upon equitable principles, so by necessity diminishing *pro tanto* the residue of that fund; and for the protection of all parties, and in order to settle the rights of all parties in and to these proceeds, the residuary legatees, Thomas B. Scott and Cassie M. Cushing, should be before the court. We do not think it can be correctly said that *Walter A.* so represents their interests that their presence can be dispensed with in the litigation.

It is suggested that *Walter*, being a trustee of an express trust, might, under sec. 2607, R. S., be sued alone, without joining the other beneficiaries. There is a remark made by Mr. Justice CASSODAY in *Swift v. State L. Co.* 71 Wis. 476, to the effect that, as a trustee of an express trust has' the right, under the statute, to sue alone, no good reason is apparent why he could not be held to represent all beneficiaries when sued in respect to trust property. But in that case upon the facts it is clear that Edward Bradley took' title from his father for the benefit of himself and brothers. The deed was absolute in form, but it was really nothing but a mortgage interest which was conveyed to Edward, and this he held for himself and brothers. The mortgagor could have paid the mortgage debt to him, and procured a release of the mortgage. In every view, therefore, Edward represented those who were interested with him in the security, and he was the only necessary party in the litigation. The case did not call for a construction of the statute or a consideration of the question whether it had changed the equitable rule that the *cestui que trust* should be made a party defendant in litigation affecting the trust estate. In reason, perhaps, the legislature might provide that the trustee of an express trust should represent the beneficiaries as well when sued as when he brought an action for the benefit of another, but we have not intended to decide that the statute now confers upon him that right. We suppose the old chancery rule still applies, and the remark above made by the justice who wrote the opinion was uncalled for, and is not to be taken as authority. According to the chancery rule, which is still in force, the beneficiaries are indispensable parties to an action against the trustee, and the relief asked in this case cannot be granted in their absence.

It results from this view that that part of the order sustaining the demurrer to the fifth defense is affirmed, and

that part of the order sustaining the demurrer to the sixth defense is reversed, and the cause is remanded for further proceedings.

*By the Court.*— Ordered accordingly.