Taft, J.,
 

 dissenting. This case was tried in the Court of Appeals on plaintiff’s “amended petition to conform to evidence” and defendants’ answer, defendants’ demurrer to the amended petition having been overruled.
 

 In her amended petition, plaintiff alleged that the •defendants were executors of the last will and testament of Phil M. Crow, that in 1918 plaintiff gave $10,053.63 “to defendants’ decedent Phil M. Crow, to hold, keep and preserve for her until such time as she should demand the return of the same. That at sometime thereafter, the exact time not being known to plaintiff, defendants’ decedent, without plaintiff’s knowledge, invested said money and has ever since the date of said investment, held said fund together with its earnings thereon, in his possession, and at the
 
 *330
 
 time of decedent’s death, said trust fund, together with its earnings, came into possession of said executors who have since that date, and now, have said trust fund, together with its earnings, in their possession. That said agreement of the holding and preserving of plaintiff’s money, as aforesaid, continued with the consent of both defendants’ decedent and plaintiff until the death of the said Phil M. Crow, as aforesaid, and by consent of both parties, no accounting was ever made.” Plaintiff then “prays that defendants account to her for the sum of $10,053.63, being the amount of her said trust fund as aforesaid, together with the accumulated earnings thereon, or that she be paid six percent interest on her said money computed at annual rests.”
 

 Plaintiff offered no evidence to show what happened to the $10,053.63 referred to in the foregoing allegations of her amended petition and offered no evidence tracing that money into any portion of the assets or funds which came into the possession of the executors on Judge Crow’s death. Furthermore, both sides admit that there was no tracing of the money, which plaintiff claims to have given to Judge Crow, into any property which came into the possession of the executors.
 

 Section 10509-112,. General Code, provides in part:
 

 “All claimants shall present their claims to the executor or administrator in writing, including claims arising out of contract, out of tort, on cognovit notes or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated. All claims shall be presented within four months after the date of the appointment of the executor or administrator. * * * Claims which are contingent need not be presented except as otherwise provided in this chapter.”
 

 Section 10509-134, General Code, provides the pro
 
 *331
 
 cedure to be followed when a claimant has failed to present his claim to the executor within the time prescribed by Section 10509-112.
 

 Section 10509-134, so far as material, reads:
 

 “A claimant who has failed to present his claim to the executor or administrator within the time prescribed by law may file a petition in the Probate Court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing * * *. If upon hearing the court finds (a) that the claimant did not have actual notice of the decedent’s death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by law, or (b) that the claimant’s failure to present his claim was due to the absence of the executor or administrator from his usual place of residence or business during a substantial part of such period or was due to any wrongful act or statement on the part of the executor or administrator or his attorney, or (c) that the claimant was subject to any legal disability during such period or any part thereof, then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period; provided, however, that a claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including devisees, legatees and distributees, and no payment shall be .made nor any action maintained thereon, except as otherwise provided in this chapter with reference to contingent claims.”
 

 Plaintiff’s claim is obviously not a contingent claim. At no place in the amended petition does the plaintiff allege that she presented her claim within the four-month period as provided by Section 10509-112 or that she sought or secured the authorization of the Probate
 
 *332
 
 Court to present her claim after the expiration of such four-month period in accordance with the provisions of Section 10509-134.
 

 If, therefore, plaintiff is a claimant and the claim which she asserts is a claim within the meaning of Section 10509-112, judgment must be rendered for the defendants. See
 
 Prudential Ins. Co. of America
 
 v.
 
 Joyce Building Realty Co.,
 
 143 Ohio St., 564, 56 N. E. (2d), 168;
 
 Pierce
 
 v.
 
 Johnson, Exr.,
 
 136 Ohio St., 95, 23 N. E. (2d), 993, 125 A. L. R., 867;
 
 State, ex rel. Fulton, Supt. of Banks,
 
 v.
 
 Coburn,
 
 133 Ohio St., 192, 12 N. E. (2d), 471;
 
 Beach, Recr.,
 
 v.
 
 Mizner, Exr.,
 
 131 Ohio St., 481, 3 N. E. (2d), 417;
 
 Favorite
 
 v.
 
 Booher’s Admr.,
 
 17 Ohio St., 548.
 

 In order to escape the bar of these statutory provisions, plaintiff contends that this is an equitable action in which she seeks to secure from the executors property which belongs to her.
 

 It may be conceded that, if plaintiff had established that a particular item of property held by the executors was property which belonged to her, she could, without filing a claim against Judge Crow’s estate, assert her right to that property. In such an instance, the property would be hers. It would not have been Judge Crow’s property at the time of his death. Since Judge Crow would have had no right to hold the property as against her, the executors would certainly have no right to hold it as against her merely because they were executors of Judge Crow and reasonably believed that the property belonged to him.
 

 That, however, is not this case. The plaintiff admits that she cannot show that any part of the money or property held by the executors is the money which she gave to Judge Crow in 1918 or is anything which was acquired with that money. She admits that she cannot trace the money which she gave to Judge Crow in 1918 into any specific fund or property.
 

 
 *333
 
 Plaintiff’s position apparently is that the money she gave to Judge Crow in 1918 was mingled by him with his own property and that in equity she can claim an aliquot portion of that property or an equitable lien against it.
 

 When money or property to which one person is legally or equitably entitled is wrongfully mingled by another with money or property of his own, the person wronged may have either a right to an equitable lien on or a share of the whole commingled fund or any traceable product of it. 3 Scott on Trusts, 2461, 2464, Sections 515, 516. However, where the person wronged cannot sustain the burden of proof of tracing his money or property into any specific fund or property of the wrongdoer, there is obviously no commingled fund or traceable product of which he can have a share or against which he can claim a lien. 3 Scott on Trusts, 2505, Section 521.3.
 

 This plaintiff does not assert that she has an equitable lien against any particular property. Her theory is that she has an equitable lien against all the assets which passed from Judge Crow to his executors. It is doubtful whether the decisions of this court would recognize such a lien against all the assets which passed from Judge Crow to his executors. See
 
 Smith et al., Trustees,
 
 v.
 
 Fuller et al., Assignees,
 
 86 Ohio St., 57, 99 N. E., 214, L. R. A. 1916C, 6, Ann. Cas. 1913D, 387, paragraph five of the syllabus;
 
 Fulton, Supt. of Banks,
 
 v.
 
 B. R. Baker-Toledo Co.,
 
 128 Ohio St., 226, 234, 190 N. E., 459, 93 A. L. R. 933;
 
 Fulton, Supt. of Banks,
 
 v.
 
 Escanaba Paper Co.,
 
 129 Ohio St., 90, 105, 193 N. E., 758;
 
 Squire, Supt. of Banks,
 
 v.
 
 American Express Co.,
 
 131 Ohio St., 239, 2 N. E. (2d), 766, paragraphs 10 and 11 of the syllabus. But see
 
 Squire, Supt. of Banks,
 
 v.
 
 Branciforti,
 
 131 Ohio St., 344, 2 N. E. (2d), 878, paragraph six of the syllabus;
 
 Klaustermeyer
 
 v.
 
 *334
 

 Cleveland Trust Co., Assignee,
 
 89 Ohio St., 142, 105 N. E., 278.
 

 The only theoretical justification for such a lien is that equity would have recognized an obligation of Judge Crow to use, so far as necessary, all his property to make reparation to the plaintiff; and equity will specifically enforce that obligation. As a result of that right to specific performance, and only as a result thereof, could the plaintiff be said to have such an equitable lien. Cf. 3 Scott on Trusts, 2463, Section 515;
 
 Klaustermeyer
 
 v.
 
 Cleveland Trust Co., Assignee, supra.
 
 An assertion of such a right to specific performance against Judge Crow’s executors would certainly be included within the ordinary meaning of the words “claims arising out of contract,” found in Section 10509-112, General Code. That the claim asserted by plaintiff in this instance arises out of contract is clear from the allegations of her amended petition. She refers to the transaction where she deposited her money with Judge Crow as “said agreement of the holding and preserving of plaintiff’s money.”
 

 In 21 American Jurisprudence, 581, Section 353, it is said:
 

 “As a general rule, it is not necessary to present a claim to specific trust funds or property which are capable of identification. It has even been held that a suit to trace a trust from land to money through an estate in process of administration is not a suit upon a claim required to be presented to the administrator for allowance. The rule is otherwise, however, where the trust funds have been commingled with the decedent’s own property and cannot be identified.”
 

 There is an annotation at 41 A. L. R., 169, on “applicability of nonclaim statute in case of misappropriation or fraudulent breach of trust by decedent.” On page 170 in this annotation, it is said:
 

 
 *335
 
 * * many courts hold that, as nonclaim statutes are to be strictly enforced, no exception is to be made to their operation in favor of claims arising from a misappropriation or breach of trust by the decedent, so that, in case the misappropriated funds or property cannot be traced into any of the assets of the estate, the claim of the cestui que trust in respect of the misappropriated funds is barred unless it is presented within the period of time limited for presenting claims against the estate, even though the cestui que trust may have been a minor, or the fraudulent conduct was so concealed that it was not discovered until too late to present the claim. ’ ’
 

 On page 173 in the foregoing annotation it is said:
 

 “There is considerable support for the view * * * that fraud of a fiduciary in concealing his misuse of trust funds affords a ground upon which equity will interfere to prevent the bar of the statute of nonclaim from being raised against the claim of the cestui que trust, upon discovery of the breach of trust.”
 

 None of the cases cited in support of that statement sustains the plaintiff’s contentions in this case. Some involved instances where the claimant was prevented by fraud or collusion of the executor or administrator from filing a claim within the time provided in the statute. See
 
 Sugar River Bank
 
 v.
 
 Fairbanks,
 
 49 N. H., 131, and
 
 Gillett
 
 v.
 
 Hickling, Exrx.,
 
 16 Ill. App., 392. No fraud of the executors is asserted in the instant case. In one case relief was refused because the claimant had delayed an unreasonable time after learning the facts which should have put him on notice of his rights.
 
 Newberry
 
 v.
 
 Wilkinson,
 
 199 F., 673. Such an unreasonable delay would appear to be present in the instant case. Two cases involved fraudulent representations or concealment by the decedent, preventing the beneficiary from knowing that he had a
 
 *336
 
 claim.
 
 Second National Bank of Saginaw
 
 v.
 
 Gamble,
 
 227 Mich., 31, 198 N. W., 340, and
 
 Allen
 
 v.
 
 Conklin,
 
 112 Mich., 74, 70 N. W., 339. The petition in the instant case indicates that the plaintiff here had full knowledge at all times of the rights which she asserts. In two cases, unlike in the instant case, there were identifications of specific property or funds as the product of the trust property or funds.
 
 Smith et al., Admrs.,
 
 v.
 
 Combs,
 
 49 N. J. Eq., 420, 24 A., 9, and
 
 Biron
 
 v.
 
 Scott, Trustee,
 
 80 Wis., 206, 49 N. W., 747. One case was decided upon the theory that the claim was
 
 ex delicto
 
 and not one
 
 ex contractu. Smith
 
 v.
 
 Smith,
 
 210 F., 947, affirmed, 224 F., 1. Our statute (Section 10509-112) specifically provides for presenting claims arising out of contract or out of tort. In two cases the minority of the claimants was held to excuse compliance with the nonclaim statute.
 
 Easton, Gdn.,
 
 v.
 
 Somerville, Exr.,
 
 111 Iowa, 164, 82 N. W., 475, 82 Am. St. Rep., 502, and
 
 Martz
 
 v.
 
 McMahon,
 
 114 Minn., 34, 129 N. W., 1049. Our statute (Section 10509-134) makes specific provision for that precise'situation.
 

 Matthias, J., concurs in the foregoing dissenting opinion.