## First National Bank of Detroit v. Elsey G. Burkham and others.

*Bills of exchange: Drawees: Payees: Payment: Mistake.* The drawees are not entitled to recover of the payee the amount of a bill which they have accepted and paid, upon the ground that they paid it under a mistake of fact as to the nature or value of their security from the drawer, where the security accompanied the bill, and proved to be fictitious.

*Bills of exchange: Relative rights of drawee and payee: Payment: Presumptions.* The payee has a right to assume that any draft he receives and forwards, which is accepted and paid, is such an one as, from the state of the dealings between the drawer and the drawee, it is right and proper the latter should pay as the principal party; and the presumption of law that such is the case is a complete protection to the payee if he received the bill in the ordinary course of business and for value.

*Bills of exchange: Mistake as to security.* A mistake regarding their security from the drawer would no more authorize the drawees to recall the payment made to the payee, than would a like mistake as to the responsibility or honesty and integrity of the drawer, where these are relied on as their only security.

*Bills of exchange: Drawee: Payee: Mistake: Fictitious security.* The fact that the payee himself relied upon the security when he discounted the

bill and sent it forward for payment, could not give rise to any liability on his part to respond to the drawees after they had made payment.

*Commercial law: Payee: Drawee: Motives.* The beauty and value of the rules governing commercial paper consist in their perfect certainty and reliability; and they would be worse than useless if the ultimate responsibility for such paper, as between payee and drawee, both acting in good faith, could be made to depend on the motives which influenced the latter to honor the paper.

*Mutual mistakes.* Considering this as a case of mutual mistake of fact, which is the best view that can be taken of it for plaintiffs, they are not entitled to recover. Usually where one of two parties equally innocent must suffer, the law leaves the loss where it has chanced to fall; and here to do otherwise would be to reverse the rule of commercial law, and transfer from the acceptor to the payee the responsibility which the former assumes by acceptance.

*Bills of exchange: Good faith: Valuable consideration: Previous transactions.* Where the amount of a bill discounted by a bank is put to the credit of the drawer and drawn against, the good faith of the transaction is not open to question upon a mere showing of previous transactions between the parties which were not connected with this.

*Heard June 17.    Decided October 5.*

Error to Superior Court of Detroit.

*D. B. & H. M. Duffield* and *George V. N. Lothrop*, for plaintiff in error.

*Alfred Russell* and *Ashley Pond*, for defendants in error.

COOLEY, J :

This case is certainly novel and peculiar. The drawees seek to recover from the payees the amount of a bill which they have accepted and paid, and the genuineness of which is not disputed. The ground upon which they plant their right of recovery is, that they have paid under a mistake of fact. The mistake consisted in their security from the drawer of the bill being fictitious, when they supposed it to be genuine and reliable.

Admitting this to be so, how does the fact concern the payees? Do they assume to guarantee the fairness of the dealings of the drawers with the drawees, or the adequacy of any securities upon which the dealings are based? Not, certainly, in ordinary cases. The law merchant gives the payees the right to assume that any draft they receive and forward, if it is accepted and paid, is a draft which, from

the state of the dealings between drawers and drawees, it is right and proper that the latter should pay as the principal party; and the presumption of law that such is the case is their complete protection if they received the bill in the ordinary course of business and for value.

What is peculiar in the present case is, that the security which was sent forward with the bill proved to be fictitious. It is said that the drawees relied upon this security, and would not have paid the bill but for a belief that it was valid. It is in this that the mistake consists on which they rely for a recovery.

If a mistake regarding their security will authorize the drawees to recall the payment made to the payee, no reason is perceived why a mistake regarding the responsibility of the drawer, or regarding his honesty and integrity, or any thing else upon which they relied for protection in their dealings, should not justify the like action. If they suppose the drawer to be responsible when he is not, is not this as genuine a mistake of fact on their part as if they suppose a security to be good when it is fictitious?

But it is said the payees themselves relied upon the security when they discounted the bill and sent it forward for payment. This is doubtless true; but we do not perceive that this changes the case. A payee in every case in which a bill is discounted relies, and is compelled to rely upon such security as he has from the drawer, until the bill is sent forward and paid or accepted. When that takes place he is furnished with what to him is conclusive evidence that the drawer was authorized to draw the bill. He may have relied upon the drawer's responsibility, or he may have confided in his integrity, or in something else. It is immaterial what his reliance was; the law left the risk with him until payment or acceptance took it off his shoulders. Then the risk, if any, passes to the drawee.

It is not claimed in this case that if the drawees had relied upon the responsibility of the drawer, and that had failed them, they would have had any ground of recovery

FIRST NATIONAL BANK OF DETROIT v. BURKHAM.

against the payees. But we think it would be an exceedingly unsafe doctrine in commercial law, that one who has discounted a bill in good faith, and received in its payment the strongest possible assurance that it was drawn with proper authority, should afterwards hold the moneys subject to such a showing as the drawee might be able to make as to the influences operating upon his mind to induce him to make payment. The beauty and value of the rules governing commercial paper consist in their perfect certainty and reliability; they would be worse than useless if the ultimate responsibility for such paper, as between payee and drawee, both acting in good faith, could be made to depend on the motives which influenced the latter to honor the paper.

The best view that can be taken of this case for the plaintiffs below is, that there was a mutual mistake of fact under which the bank discounted and the drawees paid the bill. Conceding this, why should the drawees be allowed to transfer the loss to the bank? Usually when one of two parties equally innocent must suffer, the law leaves the loss where it has chanced to fall; but in a case like this, if the law should assist either party on the ground of mutual mistake, it certainly should not be the drawees. This suit seeks to reverse the rule of commercial law, and transfer from the acceptor to the payee the responsibility which the former assumes by acceptance, and which the law leaves there.

So far we have assumed that the bank discounted the bill in good faith and for value. We think this not open to question on the facts. The amount was put to the credit of the drawer and drawn against. The previous transactions cannot affect this unquestionable fact.

On the main point, *Robinson v. Reynolds, 2 Q. B., 196,* and *Thiedemann v. Goldschmidt, 1 De Gex Fisher & Jones, 4,* are in point, and appear to us unanswerable.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.