### COUGHLIN v. WINEMAN.

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIMS—ENFORCE-MENT OF LIABILITY AGAINST DISTRIBUTEES—DEVASTAVIT.

> Where plaintiff's claim against estate of deceased person, represented by judgment against administrator, was never presented to, or allowed by, probate court, suit will not lie to enforce liability against administrator personally as one of distributees of said estate after estate has been distributed and administrator's final account has been allowed (3 Comp. Laws 1929, §§ 15687, 15689, 15691, 15712–15716). SHARPE and NORTH, JJ., dissenting.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 21, 1932. (Docket No. 43, Calendar No. 36,549.) Decided December 6, 1932. Rehearing denied March 2, 1933.

Assumpsit by Jerry W. Coughlin against Henry Wineman on the common counts and as a distributee of an estate against which plaintiff was a judgment creditor. Judgment for defendant. Plaintiff appeals. Affirmed.

*Shapero & Shapero (Nelson S. Shapero,* of counsel)*, for plaintiff.

*LeRoy W. Belanger* and *Frank P. Darin,* for defendant.

POTTER, J.    Plaintiff sued defendant, who had been administrator of the estate of Henrietta Wineman, deceased, charging him with mismanagement and waste, technically for devastavit.    From a judgment for defendant, plaintiff appeals.

April 26, 1927, Walter Coughlin sued Henrietta Wineman in justice's court.    There was judgment for defendant and plaintiff appealed to the circuit court.    June 15, 1927, Henrietta Wineman sued Jerry Coughlin in the circuit court for Wayne county.    September 20, 1927, the two actions were consolidated.    September 1, 1928, Henrietta Wineman died.    October 12, 1928, Henry Wineman was appointed administrator of the estate of Henrietta Wineman.    November 12, 1929, Henry Wineman, as administrator, filed suggestion of the death of Henrietta Wineman in the case of Henrietta Wineman *v.* Jerry Coughlin in the circuit court.    Henry Wineman was not substituted either as administrator or personally in the case of Walter Coughlin *v.* Henrietta Wineman.    April 2, 1931, the case of Walter Coughlin *v.* Henrietta Wineman was dismissed by stipulation, without prejudice.    April 2, 1931, Jerry Coughlin filed an amended plea in the case commenced against him by Henrietta Wineman, giving notice of set-off.    April 4, 1931, a judgment was rendered in the circuit court in favor of Jerry Coughlin for the amount of the set-off claimed in his notice of April 2, 1931.    June 1, 1931, Walter Coughlin made a motion to set aside the stipulation

dismissing the case of Walter Coughlin *v.* Henrietta Wineman. June 16, 1931, Henry Wineman, as administrator, was substituted in the place of Henrietta Wineman, as a party plaintiff in the case commenced by Henrietta Wineman *v.* Jerry Coughlin. June 16, 1931, the judgment against Henrietta Wineman rendered in the circuit court was set aside and judgment was rendered against Henry Wineman, as administrator of the estate of Henrietta Wineman, deceased. The item sued upon by Walter Coughlin in his suit commenced in justice's court and which was appealed to the circuit court for Wayne county was the same item relied upon by Jerry Coughlin in his amended plea and notice of set-off, several years after the death of Henrietta Wineman, and several months after Henry Wineman, the defendant, was discharged as administrator of the estate of Henrietta Wineman, deceased. The item upon which judgment in this case was based is not one which was ever passed upon by the probate court or by commissioners on claims in the estate of Henrietta Wineman, deceased. It is not an item which was involved in any case to which the defendant as administrator of her estate was a party. The claim, during the time the estate of Henrietta Wineman, deceased, was pending in the probate court, was involved in a suit instituted by Walter Coughlin, as assignee of the plaintiff herein, against Henrietta Wineman. After the death of Henrietta Wineman, the probate of her estate, and the discharge of the defendant as administrator by the probate court, the case brought against her by Walter Coughlin in her lifetime was dismissed. The claim was pleaded as a set-off by plaintiff after her death, after the close of the administration of her estate, and after the discharge

of the defendant as administrator. To hold defendant personally responsible for the claim here involved is to hold him responsible for a claim which plaintiff did not own at the time suit was brought against Henrietta Wineman, and did not own during the time her estate was being probated, which he did not present to the probate court, and did not plead either during the lifetime of Henrietta Wineman or during the probate of her estate, and until some months after the discharge of the defendant as administrator of her estate. Instead of defendant devastating the estate of Henrietta Wineman to the injury of her creditors, the fact is the estate was conserved to the exclusion of those who were not creditors but would like to have been, and by unsubstantial afterthought now, after the estate of Henrietta Wineman has been administered, seek to enforce a subsequently-acquired claim against defendant personally. The defendant, Henry Wineman, neither as administrator or otherwise, was ever a party to the suit of Walter Coughlin v. Henrietta Wineman. The claim that defendant, as administrator of the estate of Henrietta Wineman, under such circumstances, is guilty of devastating the estate of Henrietta Wineman to the prejudice of plaintiff so as to give plaintiff a right to hold defendant personally liable for this item of set-off not asserted by him as a set-off or otherwise until long after the death of Henrietta Wineman, after her estate was probated, and after her administrator was discharged, has no support in law. The trial court said:

"The claim of Jerry W. Coughlin and/or Walter Coughlin was never presented to the commissioners on claims appointed by the probate court, and the

judgment upon which the plaintiff predicates this action was on a set-off filed in said cause after the estate of Henrietta Wineman was closed.''

3 Comp. Laws 1929, § 15687, provides:

''Every person having a claim against a deceased person, proper to be allowed by the commissioners, who shall not, after the publication of notice as required in the second section of this chapter, exhibit his claim to the commissioners within the time limited by the court for that purpose, shall be forever barred from recovering such demand, or from setting off the same in any action whatever.''

3 Comp. Laws 1929, § 15689, provides:

''All actions and suits which may be pending against a deceased person at the time of his death, may, if the cause of action survives, be prosecuted to final judgment, and the executor or administrator may be admitted to defend the same, and if judgment shall be rendered against the executor or administrator, the court rendering it shall certify the same to the probate court, and the amount thereof shall be paid in the same manner as other claims duly allowed against the estate.''

3 Comp. Laws 1929, § 15691, provides:

''In such case, the defendant may set off any claim he may have against the deceased, instead of presenting it to the commissioners, and all mutual claims may be set off in such action; and if final judgment shall be rendered in favor of the defendant, the same shall be certified by the court rendering it to the probate court, and the judgment shall be considered the true balance.''

When claims are presented and allowed against the estate of a deceased person, the executor or administrator is required to pay such claims if he

has sufficient assets for that purpose. 3 Comp. Laws 1929, § 15712.

3 Comp. Laws 1929, § 15713, provides:

"When a claim shall be presented within one year from the time when it shall accrue, and be established, as mentioned in the preceding section, and the executor or administrator shall not have sufficient to pay the whole of such claim, the creditor shall have a right to recover such part of his claim as the executor or administrator has not assets to pay, against the heirs, devisees or legatees, who shall have received sufficient real and personal property from the estate."

3 Comp. Laws 1929, § 15714, provides:

"If an action shall be commenced against an executor or administrator on such claim, as is mentioned in section nineteen, and for the payment of which sufficient assets shall not have been retained, as before provided in this chapter, the executor or administrator may give notice under his plea to such action, that he has fully administered the estate which has come to his possession or knowledge."

3 Comp. Laws 1929, § 15715, provides:

"If it shall appear on the trial of such action that the defendant had fully administered at the time the claim was presented, and had no assets which could be lawfully appropriated for that purpose, he shall be discharged, and shall have judgment for his costs; but if it shall be found that he had assets sufficient to pay only a part of such claim, judgment shall be rendered against him for such sum only as shall be equal to the amount of assets in his hands."

Subsequent sections of the statute make provision for the establishment of the liability of the heirs

or beneficiaries of the estate and of creditors who have proved and established their claims in the probate court but no action may be maintained against the heirs or beneficiaries of an estate to recover property which they have received therefrom unless commenced within one year from the time the claim shall be allowed or established. 3 Comp. Laws 1929, § 15716.

In this case the defendant was not sued as administrator of the estate of Henrietta Wineman, deceased, but was sued personally. The claim was a claim sought to be established against Henrietta Wineman in her lifetime, suit having been instituted thereon before her death. The estate of Henrietta Wineman was probated in the usual and ordinary course. Notice to creditors to present and prove their claims was duly given and no claim was ever presented to, or allowed by, commissioners on claims, or by the probate court, in favor of plaintiff in said estate, while probate proceedings were pending therein. The estate was distributed in pursuance of the order of the probate court. The claim of plaintiff, not having been certified or presented to, or allowed by the probate court in any matter pending therein, this suit will not lie to enforce any liability to plaintiff against the heirs or beneficiaries of the estate, or defendant, who was administrator.

The judgment of the trial court is affirmed, with costs.

CLARK, C. J., and McDONALD, FEAD, WIEST, and BUTZEL, JJ., concurred with POTTER, J.

NORTH, J. (*dissenting*). Omitting immaterial details, the pertinent facts here involved may be stated

as follows: Henrietta Wineman instituted suit in the circuit court of Wayne county against Jerry Coughlin, the appellant herein. While this suit was pending in the circuit court Henrietta Wineman died, and Mr. Henry Wineman, appellee herein, was appointed as administrator of her estate. On November 12, 1929, suggestion of death was filed by the administrator in the cause pending in the circuit court. He was represented by the attorney who instituted the suit for Mrs. Wineman and he is still represented by the same counsel. Trial of the cause was had November 17, 1930; and on April 4, 1931, judgment was entered therein in favor of Jerry Coughlin on counterclaim against the plaintiff for $662.50 damages and $50.50 costs.

The practice incident to the trial of the issues resulting in this judgment was inexcusably irregular. Before Mrs. Wineman instituted her suit in circuit court there had been appeal to that court from a justice's court case in which Walter Coughlin, a brother of Jerry Coughlin, as assignee of his brother, was seeking to recover $550 from Mrs. Wineman. Apparently by consent these two causes were consolidated and tried together before the circuit judge. After the trial and after the announcement of the circuit judge's determination, but before entry of judgment, counsel for the respective parties stipulated as follows:

"It is further stipulated that a judgment be rendered as the court may find upon the set-off of Jerry W. Coughlin, filed in the above entitled cause."

This set-off of Jerry Coughlin was his claim for the same $550 for which his brother as assignee was suing Mrs. Wineman. By stipulation of counsel

in Mrs. Wineman's circuit court case, the Walter Coughlin appeal case was dismissed, and the claim in that suit was considered as the set-off of Jerry Coughlin in the pending circuit court case. While this stipulation was not entered until after the suit was tried, it is very clear that the case was submitted to the circuit judge on the theory and with the understanding that the issue should be treated as was subsequently stipulated. Through error or inadvertence the judgment was entered against Henrietta Wineman or possibly against the estate of Henrietta Wineman. Subsequently, and on June 16, 1931, on defendant's motion, Henry Wineman, as administrator of Mrs. Wineman's estate, was substituted as the plaintiff instead of Henrietta Wineman; and the judgment theretofore entered was amended so that it ran against Henry Wineman as administrator of the estate of Henrietta Wineman, deceased. Henry Wineman's subsequent motion to vacate the order amending the judgment was denied. On August 17, 1931, the judgment of the circuit court was certified to the probate court of Wayne county as provided by statute. 3 Comp. Laws 1929, § 15689.

Prior to this certification, and on January 22, 1931, an order of distribution was entered in the probate court and Henry Wineman was discharged as administrator. There were four distributees who shared equally in the Wineman estate which amounted to more than $900,000, and more than $10,000 was in the administrator's hands at the time the final order of distribution was made. Henry Wineman received one-fourth of the estate.

Except for the certification of the circuit court judgment, plaintiff's claim was not presented to the probate court; and as noted, this certification was

after the Wineman estate was closed. Plaintiff's judgment not having been satisfied, he brought this suit against Henry Wineman personally. It is not an attempt to satisfy the judgment from Mrs. Wineman's estate, nor is this suit against Mr. Wineman as administrator of the estate. Recovery is sought on the ground that Henry Wineman, as administrator, was guilty of misconduct and maladministration of the estate in that he wrongfully disposed of the assets of the estate at a time when he had full knowledge of plaintiff's claim or suit pending in the circuit court; and that this rendered him liable to plaintiff for the amount of the judgment obtained in the circuit court. The circuit judge, before whom the case was tried without a jury, found in favor of the defendant, and judgment was entered accordingly. Plaintiff has appealed.

Judgment for defendant in the circuit court was based on the conclusion of the circuit judge that since the plaintiff herein did not file his claim with the commissioners in the estate of Henrietta Wineman before the estate was closed or ask for an extension of time before the estate had been so closed, he is barred from recovery. (See 3 Comp. Laws 1929, §15687.) In this conclusion we cannot agree. There is nothing in this record to indicate that plaintiff was in any way notified or advised of the closing of the Wineman estate. At the time of Mrs. Wineman's death a suit instituted by her against the plaintiff herein was pending in the circuit court of Wayne county. The claim for which plaintiff herein recovered judgment was asserted by him as a counterclaim in the suit pending in the circuit court of Wayne county at the time Mrs. Wineman died. The procedure in such a case is clearly fixed by statute.

"All actions and suits which may be pending against a deceased person at the time of his death, may, if the cause of action survives, be prosecuted to final judgment, and the executor or administrator may be admitted to defend the same, and if judgment shall be rendered against the executor or administrator, the court rendering it shall certify the same to the probate court, and the amount thereof shall be paid in the same manner as other claims duly allowed against the estate." 3 Comp. Laws 1929, § 15689.

"Nothing in this chapter shall be construed to prevent an executor or administrator, when he shall think it necessary, from commencing and prosecuting any action against any other person, or from prosecuting any action commenced by the deceased in his lifetime, for the recovery of any debt or claim, to final judgment, or from having execution on any judgment." 3 Comp. Laws 1929, § 15690.

"In such case, the defendant may set off any claim he may have against the deceased, instead of presenting it to the commissioners, and all mutual claims may be set off in such action; and if final judgment shall be rendered in favor of the defendant, the same shall be certified by the court rendering it to the probate court, and the judgment shall be considered the true balance." 3 Comp. Laws 1929, § 15691.

"In an action commenced by the deceased in his lifetime, the executor or administrator may, under section 5904 (3 Comp. Laws 1929, § 15690), prosecute the case to final judgment. In such case the defendant, by section 5905 (3 Comp. Laws 1929, § 15691), is permitted to set off his claim in the action without first presenting it to the commissioners on claims." *Quinn* v. *McGovern,* 97 Mich. 114, 118.

Counsel for appellee stress the contention that since the set-off of the plaintiff herein was not filed in the case pending in the circuit court until after

the death of Mrs. Wineman and also until after her estate was closed the above-quoted statutes are not applicable. We think under the circumstances of this case counsel's contention cannot be sustained. The case in which plaintiff finally secured judgment for his set-off was tried in the circuit court before the Wineman estate was closed. Henry Wineman was a witness in the circuit court case months before the order for final distribution was made. As administrator of the estate of Mrs. Wineman he knew all about the claim plaintiff was asserting against her and that it was in litigation in the circuit court. Both he and his counsel knew this claim could not have been filed before the commissioners because it was the subject-matter of an appeal suit then pending in the circuit court. He and his counsel by stipulation subsequently agreed that this very claim should be adjudicated as a set-off in the circuit court case instituted by Mrs. Wineman; and this evidently was upon the condition embodied in the same stipulation that the appeal suit pending in the circuit court against Mrs. Wineman should be dismissed, which was done. Under the circumstances, the administrator cannot be heard to say that plaintiff's claim could not be adjudicated as a set-off in the circuit court case.

Plaintiff having secured a judgment in the circuit court against Henry Wineman as administrator of the Henrietta Wineman estate and no appeal having been taken from such judgment, the controlling question here is whether in this suit Henry Wineman should be held personally responsible for payment of plaintiff's judgment on the theory on which plaintiff has brought this suit and which has been above stated. We think defendant's liability has been clearly established. He knew of the pending

litigation and was a witness in the circuit court trial months before he made final distribution of the assets of the estate and received his discharge as administrator. In distributing the estate he, as administrator, was not only guilty of maladministration of the estate which was well calculated to defeat plaintiff's claim, but his misconduct resulted in a personal profit to himself as well as the other distributees of the estate. Under very similar circumstances an administrator was held personally liable in *Whitney* v. *Pinney,* 51 Minn. 146 (53 N. W. 198); and there seems to be general authority for holding the administrator liable in such cases:

"The debts of a decedent being entitled to priority over legacies and distributive shares, a representative who makes distribution to legatees or distributees without taking a refunding bond before the payment of debts is guilty of a devastavit, and personally liable to unpaid creditors prejudiced thereby, who present or give notice of their claims within the time prescribed by statute." 24 C. J. p. 500. Citing many cases.

We think the fact that the claim which plaintiff now asserts was involved in litigation pending in the circuit court at the time of the death of Mrs. Wineman and with the defendant's full knowledge the claim was still pending in circuit court at the time he secured an order for final distribution of the estate and his discharge leaves him in the same position as to his liability as though it had been a claim filed in the probate proceeding in accordance with the statutory provision. If the law is not in accord with the above-cited authorities, then any administrator or executor may prevent satisfaction of a judgment obtained in a cause of action which was pending and survived against the estate of the

deceased. At least by distribution of all the assets of the estate pending such litigation satisfaction of any judgment against the estate may be seriously jeopardized. The only reason plaintiff herein was unable to obtain satisfaction of his judgment upon its being certified to the probate court was defendant's wrongful conduct in securing distribution of the estate's assets. For this reason he should be held personally liable for the payment of the judgment obtained by plaintiff in the circuit court.

The judgment of the circuit court should be set aside, and the case remanded with direction to enter judgment therein for plaintiff. Appellant should have costs of this court.

SHARPE, J., concurred with NORTH, J.