## DRUDGE *v.* PEOPLES WAYNE COUNTY BANK.

BANKS AND BANKING—CASHING CHECKS.

A check on branch of bank is cashed and title thereto passes to bank where payee presents it to teller at main office of bank, money therefor is counted out and payee takes part of it and leaves balance on deposit although payment is stopped the following day before the check reaches branch on which it was drawn.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted October 3, 1933. (Docket No. 16, Calendar No. 37,135.) Decided December 5, 1933.

Assumpsit in justice's court by George D. Drudge against Peoples Wayne County Bank for sums alleged to have been wrongfully charged to plaintiff's account. Judgment for defendant. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Fildew & DeGree,* for plaintiff.

*Archer F. Ritchie* and *Howell S. White,* for defendant.

McDONALD, C. J. This suit was brought to recover $500 which the plaintiff claims was wrongfully charged to his account in the defendant's bank. The issue was tried by the court without a jury. Judgment was entered in favor of the plaintiff. The defendant has appealed.

The controversy had its origin in a transaction between the plaintiff and Dr. Olp, a dentist. The

plaintiff sold Olp a dental establishment and received his check for $500 as a down payment. The check was drawn on the Michigan-Griswold branch of defendant's bank in which Olp had sufficient funds to meet it. The plaintiff carried a commercial account in the Brewster-Hastings branch. In its main office the defendant maintained four tellers known as "branch tellers" who had charge of the business having to do with its several branches. The plaintiff presented the Olp check to one of these tellers for the purpose of having it cashed. He received $20 in cash and directed the balance to be deposited to his account according to a deposit slip on which the deposit was designated "currency." On the following day the check reached the branch on which it was drawn, but a few hours before its arrival Dr. Olp served a stop payment order and withdrew his funds from the bank. The check was returned to the main office and on the theory that it had not been cashed but deposited for collection was charged to the plaintiff's account. The plaintiff brought suit, basing his action on the claim that the check had been cashed and title thereto passed to the bank before payment was stopped. His theory was adopted by the trial court and judgment entered accordingly.

The question to be determined is whether the check was deposited for collection or as cash.

The preponderance of the evidence favors the plaintiff's claim that he presented the check for the purpose of having it cashed and that he so informed the teller; that the teller understood it was to be cashed and had actually counted out the money when the plaintiff informed him that he would take $20 and leave the balance on deposit. In view of these facts which are amply established by the evidence, it

must be held that the check was cashed and title passed to the bank before payment was stopped. The trial court correctly held that the plaintiff was entitled to recover.

The judgment is affirmed, with costs to the plaintiff.

WEADOCK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.