MELVIN v. READING.

ESTATES OF DECEDENTS—REHEARING—ORDER CLOSING ESTATE.
  Motion to dismiss plaintiff's bill to require decedent tort-feasor's heirs and distributees to respond for damages inflicted upon her was properly granted, where it appears that fiduciary expeditiously closed the estate and plaintiff's counsel was timely alerted in writing by judge of probate before time had expired within which to apply for a rehearing of order closing the estate and there was no allegation that defendants did anything to induce plaintiff or her counsel to refrain from seasonable action (CL 1948, § 704.56).

---

REFERENCES FOR POINTS IN HEADNOTES
21 Am Jur, Executors and Administrators § 539.

Appeal from Washtenaw; McDonald (Archie D.), J., presiding. Submitted January 15, 1958. (Docket No. 58, Calendar No. 47,115.) Decided March 5, 1958.

Bill by Helen Melvin, individually and as assignee of Ronald Melvin, against Douglas K. Reading, Stuart A. Reading, Mildred M. Wheeler and Marion Haven praying for personal judgment against them as heirs and distributees of estate of deceased tortfeasor in automobile accident. Amended bill of complaint, filed on leave granted in prior appeal, dismissed on motion. Plaintiff appeals. Affirmed.

*Robert F. Robbins* (*Joseph J. Geraci,* of counsel), for plaintiff.

*DeVine & DeVine,* for defendants.

BLACK, J. Plaintiff's amended bill, filed immediately after handing down of our decision in *Melvin* v. *Reading,* 346 Mich 348, was dismissed below on motion of defendants. Plaintiff appeals and alleges that her amended bill supplies that which was found missing, jurisdictionally, from her original bill. She claims, for the amended bill:

"The amended bill alleges that the plaintiff finds herself in a predicament not of her own making or choosing: first, she sustained serious injuries without any fault on her part by the negligence of the decedent, Carlos A. Reading; second, while incapacitated from her injuries, the fiduciary expeditiously closed the estate without affording her any notice thereof; third, she employed reputable counsel upon whom she relied to protect her interests within sufficient time to petition the probate court for rehearing, which her counsel did not do because he believed she had no right so to do under the proviso to CL 1948, § 704.56 (Stat Ann 1955 Cum Supp § 27.3178

[307]); all of which are circumstances beyond her personal control, and which constitute excusable grounds so as to entitle her to a full testimonial hearing in a court of equity."

The gist of the amended bill is that plaintiff relied on her counsel to protect her pleaded interests and that failure of such counsel so to do provides her with a right to relief as against the named defendants. We cannot agree. An allegation of such nature cannot confer jurisdiction, there being no claim in the amended bill that the defendants, or any of them, participated causally or inequitably in the failure of plaintiff's counsel to act when the timely alarm was sounded by Judge Payne's letter of September 30, 1953 (quoted in previous opinion, page 352 of report). In short, the amended bill fails to allege that the defendants did anything to induce plaintiff or her counsel to refrain from seasonable action with respect to her rights as alleged. Finally, we cannot pronounce the expeditious probating of an estate as actionable, either at law or in equity, especially when the proceedings admittedly were carried to conclusion in conformity with statute and, in this instance, are shown as having been brought to the attention of counsel, forcefully and in writing, in ample time for the taking of claim-protective steps.

We need but add that this is another case, like *White* v. *Sadler,* 350 Mich 511, where the consequences of unhappy omissions of counsel for one party cannot be visited on the other, the latter standing legally and equitably blameless.

Affirmed. Costs to defendants.

Dethmers, C. J., and Carr, Kelly, Edwards, Voelker, and Kavanagh, JJ., concurred.

Smith, J., did not sit.