MANUFACTURERS NATIONAL BANK OF DETROIT *v.*
SUTHERLAND

1. BANKS AND BANKING — NEGOTIABLE INSTRUMENTS — "PAYABLE THROUGH" A BANK — STATUS OF BANK.

   An instrument which states that it is "payable through" a bank or the like designates that bank as a collecting bank to make presentment of the instrument but does not of itself authorize the bank to pay the instrument (MCLA § 440.3120).

2. BANKS AND BANKING—NEGOTIABLE INSTRUMENTS—SETTLEMENT—NATURE OF SETTLEMENT—STATUS OF BANK.

   Any settlement of a negotiable instrument made by the collecting bank, until it is actually finalized, is only provisional in nature, with the bank becoming the agent or subagent of the owner of the instrument (MCLA § 440.4201).

3. BANKS AND BANKING—NEGOTIABLE INSTRUMENTS—DISHONOR—COLLECTING AGENT.

   Plaintiff bank, as a collecting agent, had a right to demand repayment from defendant upon dishonor of an instrument for which plaintiff bank had issued defendant its cashier's check, provided that plaintiff had performed all the necessary duties of a collecting bank (MCLA § 440.4202).

4. BANKS AND BANKING—NEGOTIABLE INSTRUMENTS—DISHONOR—RIGHTS OF COLLECTING BANK.

   Action of plaintiff bank in charging defendant's personal checking account for the amount of an instrument which was sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Banks §§ 710–712; 11 Am Jur 2d, Bills and Notes § 769.
[2] 10 Am Jur 2d, Banks § 699.
[3, 4] 10 Am Jur 2d, Banks §§ 408, 699, 710, 713, 714.
[5] 10 Am Jur 2d, Banks § 736; 31 Am Jur 2d, Executors and Administrators § 301.
[6] 31 Am Jur 2d, Executors and Administrators § 301.
[7] 31 Am Jur 2d, Executors and Administrators §§ 294–296.

mitted by defendant as administratrix of an estate to plaintiff bank and honored with the issuance to defendant of plaintiff bank's cashier's check, but which was later dishonored by its maker *held*, improper where defendant indorsed the instrument only in her capacity as administratrix of the estate.

5. Banks and Banking—Negotiable Instruments—Collecting Bank—Estates of Decedents—Claims.

Notification of the probate court of a claim and of a pending action are basic duties of a collecting bank which is seeking recovery from the assets of an estate or its administrator (CL 1948, § 701.19, as amended by PA 1965, No 22; §§ 708.3, 708.22, 708.25, 708.26, 708.31).

6. Executors and Administrators — Claims Against Estate — Filing of Claim — Probate Court.

The probate code requires that claims against an estate arising during administration, as well as claims arising during the lifetime of a decedent, be filed by the claimant in the probate court during administration (CL 1948, § 701.19, as amended by PA 1965, No 22; §§ 708.3, 708.22, 708.25, 708.26, 708.31).

7. Executors and Administrators — Claims Against Estate — Closed Estate.

Judgment against administratrix of an estate in her capacity as fiduciary, entered after the estate was closed and its assets distributed, was improper where the holder of the judgment had more than 6 months after its claim against the estate arose to file a claim or notice of suit in the probate court and failed to do so.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 December 11, 1968, at Detroit. (Docket No. 3,223.) Decided February 28, 1969.

Complaint by Manufacturers National Bank of Detroit, a national banking association, against Williamina Sutherland, Christina Sutherland, Angus Sutherland and Williamina Sutherland as administratrix of the estate of David Sutherland, deceased. for a declaration of rights in certain funds in defend-

ants' checking account in plaintiff bank and for other relief. Judgment for plaintiff against Williamina Sutherland in her capacity as administratrix of the estate of David Sutherland, deceased. Judgment for remaining defendants. Plaintiff appeals. Defendant administratrix cross-appeals. Judgment for plaintiff against the administratrix reversed. Judgment for remaining defendants affirmed.

*Bodman, Longley, Bogle, Armstrong & Dahling* (*James M. Baysinger*, of counsel), for plaintiff.

*Harold Helper*, for defendants.

BEFORE: McGregor, P. J., and Fitzgerald and Cynar,* JJ.

Per Curiam. Defendant Williamina Sutherland, administratrix of the estate of David Sutherland, held a draft from the Career Insurance Company in the amount of $2,500. On its face, the draft stated:

"Pay to the order of Williamina Sutherland, Administratrix of the Estate of David H. Sutherland, subject to the approval of the Career Insurance Company, payable through Manufacturers National Bank."

On May 19, 1964, defendant indorsed the draft in her capacity as administratrix and was paid by the plaintiff bank through the issuance of two cashier's checks. Shortly after the payment was made, Career Insurance went into receivership and the draft was dishonored. The amount of $2,500

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

was then charged against the personal account which Williamina Sutherland maintained with her daughter at Manufacturers National Bank. The plaintiff bank did not file a claim against the estate of David Sutherland in probate court and the estate is now closed out.

Suit was commenced by the Sutherlands in the common pleas court of the city of Detroit for $2,500 and subsequently removed to the Wayne county circuit court. The bank sought to enjoin prosecution of the original action as well as a declaration of its rights. The trial court held that the bank had improperly charged the joint account of the defendants for an obligation of the estate and that even though the bank had not filed a claim against the estate in probate court, it was entitled to judgment in the amount of $2,500 against defendant in her fiduciary capacity. In the meantime, the estate had been closed and its assets distributed so that no funds were available. A motion by the bank for summary judgment was denied and judgment entered in accordance with the opinion of the court.

The plaintiff now appeals, contending that it is entitled to a personal judgment against Mrs. Sutherland. Defendant Williamina Sutherland has cross-appealed, contending that the bank is not entitled to judgment against her, either in her personal capacity or as that of a fiduciary.

The questions presented for determination on this appeal deal with the status of Manufacturers National Bank and whether the bank was correct in deducting the amount of the dishonored draft from the personal account of Mrs. Sutherland. It is the contention of the defendants that the bank was merely a "payor bank", while the bank contends that it was a "collecting bank", and hence entitled to certain protections under the Uniform Commercial

Code. We uphold the lower court's interpretation and application of the Uniform Commercial Code to the case at bar.

The key words "payable through Manufacturers National Bank", are found on the face of the instrument in question. These words, when read in conjunction with the applicable code section, PA 1962, No 174, § 3120 (MCLA § 440.3120 [Stat Ann 1964 Rev § 19.3120]), grant Manufacturers National Bank the status of a "collecting bank" rather than that of a "payor bank". The applicable code section provides:

"An instrument which states that it is 'payable through' a bank or the like designates that bank as a collecting bank to make presentment but does not of itself authorize the bank to pay the instrument."

We agree with the trial court in the determination that the case of *First National Bank* v. *Burkham* (1875), 32 Mich 328, and *Drudge* v. *People's Wayne County Bank* (1933), 265 Mich 175, as cited by defendant in support of its contention that plaintiff bank was merely a payor bank, are not on point and are not relevant to the status of the bank.

A further analysis of the Uniform Commercial Code indicates that any settlement made by the collecting bank, until it is actually finalized, is only provisional in nature. The bank becomes the agent or sub-agent of the owner of the instrument, PA 1962, No 174, § 4201 (MCLA § 440.4201 [Stat Ann 1964 Rev § 19.4201]). The fact that a cashier's check had been issued by the plaintiff, thus making it the owner of the instrument, does not destroy the basis of the agency relationship and its rights surrounding the provisional settlement. Therefore, the plaintiff, as a collecting agent, clearly had a right to demand repayment from defendants upon dishonor of the instrument, provided they had per-

formed all of the necessary duties of a collecting bank, as we think they did. PA 1962, No 174, § 4202 (MCLA § 440.4202 [Stat Ann 1964 Rev § 19.4202]).

Under various circumstances, the collection agent may even charge back the dishonored draft to the account belonging to its customer, PA 1962, No 174, § 4212 (MCLA § 440.4212 [Stat Ann 1964 Rev § 19.4212]). The code specifically answers such a problem by stating:

### *"Right of Charge-Back or Refund*

"(1) If a collecting bank has made provisional settlement with its customers for an item and itself fails by reason of dishonor, suspension of payments by a bank or otherwise to receive a settlement for the item which is or becomes final, the bank may revoke the settlement to its customer's account or obtain refund from its customer   *   *   *"

In view of the aforementioned rights of a collecting bank, which status plaintiff held, the fact still remains that the draft was signed by Mrs. Sutherland in her capacity as administratrix of an estate. We agree that Williamina Sutherland cannot be held personally liable and that the bank acted improperly in deducting the amount of the dishonored draft from her personal account. The cases of *Cotton* v. *Courtright* (1926), 215 Ala 474 (111 So 7), *Watson* v. *Andrews & Company* (1918), 201 Mich 484, and *Carter* v. *Carrell* (1933), 124 Neb 542 (247 NW 348), are illustrative of the general rule relieving trustees or fiduciaries who sign instruments in their representative capacities from personal liability on such instruments.

Provisions of the laws of this State lead us to hold that notification of the probate court of a claim

and of a pending suit are basic duties of a collecting bank which is seeking recovery from the assets of an estate or its administratrix. CL 1948, § 701.19, as amended by PA 1965, No 22; §§ 708.3; 708.22; 708.25; 708.26; 708.31 (Stat Ann 1969 Cum Supp § 27.3178[19]; 1962 Rev §§ 27.3178[413]; 27.3178 [432]; 27.3178[435]; 27.3178[436]; 27.3178[441]). Also, see *Coughlin* v. *Wineman* (1932), 260 Mich 469, and the 2 cases of *Melvin* v. *Reading* (1956), 346 Mich 348, and (1958), 351 Mich 332. Plaintiff argues that these sections and cases apply only to a claim filed against the decedent during his lifetime and not to claims against his estate for administrative purposes. We do not so interpret the statute and find that the language in § 3 of the code, "All claims in each estate shall be heard by the probate court" means that plaintiff bank should have filed such a claim. The record indicates that plaintiff had more than 6 months in which to file a claim or notice of suit.

Affirmed as to judgment against plaintiff for the $2,500 improperly charged against the Sutherland account.

Reversed as to the judgment against defendant in her fiduciary capacity.

No costs.