CATLIN *v.* BIRCHARD.

## Albert L. Catlin v. Matthew W. Birchard.

*Action for money had and received — liability of trustee on implied promise — consideration.* — An undertaking by one to act as trustee in receiving money for the benefit of another, is a sufficient consideration to sustain an implied promise to account for such money; and where a trustee so receives money, and fails to pay it over, he is liable, in an action, for money had and received.

*Parol evidence — trust character of payee of a note may be shown by.* — Parol evidence is admissible to show that the payee of a promissory note, who has received the money upon it, was trustee simply for another, and that the money so received by him was in that capacity.

*Heard October* 11, 1864. *Decided January* 28.

Error to Wayne Circuit. 

The action was assumpsit for money had and received, to which defendant pleaded the general issue.

The facts sufficiently appear in the opinion of the Court.

*G. V. N. Lothrop* and *D. C. Holbrook*, for plaintiff in error.

*A. B. Maynard* and *Jerome & Swift*, for defendant in error.

CAMPBELL J.:

Birchard sued Catlin for money had and received — the claim arising from a note of Wm. F. Smith, payable to Catlin, and claimed to have been for Birchard's benefit. The testimony, so far as it bears upon the legal questions raised, tends to show that Birchard had been held as surety for a firm known as Smith, Dwight & Co., (composed of Rollin C. Smith, Alfred A. Dwight, and Wm. F. Smith,) and his property had been sold to pay a debt known as the Birmingham Bank debt. The property of this firm, or most of it, had been conveyed to Wm. A. Howard, and by him to Wm. Warner and Albert L. Catlin, who were to manage it, and pay

off certain debts, and make other arrangements unnecessary now to refer to. Wm. F. Smith proposed to purchase certain of this property, and the terms were to be agreed upon by Warner, Catlin and Howard. One of the terms proposed was, that he should pay to Smith and Dwight, (R. C. Smith and Alfred A. Dwight,) four thousand dollars, and interest, being one-third of the Birmingham debt, for which Birchard's property had been sold. Wm. A. Howard consented to these terms, and authorized them to be varied as Rollin C. Smith should determine. Warner and Catlin, with the consent of R. C. Smith, finally made an arrangement, in which no mention was made of the Birmingham, or Birchard, debt, specifically; but a note was given for four thousand dollars, and interest, payable to Catlin, and the object and consideration of it were not referred to in the instrument. It is now claimed by Birchard that this note was really understood, and intended, to be for his benefit, and that Catlin was merely an agent, or trustee, in the matter. He was permitted to show this, and to recover upon proof of it, and the exceptions taken, on Catlin's behalf, are based upon the hypothesis that the case did not admit of such proofs or holdings.

There is really but one question in the case, and that is, whether parol evidence is admissible to affix the character of a trust to a promissory note, payable to the party claimed to be a trustee. The Statute of Frauds concerning trusts has no reference to personal property, and trusts in personalty are among the most ordinary incidents of business. Where any person assents to act as trustee, in receiving money for the benefit of another, he becomes liable to an action for money had and received, if he fails to pay it over according to his duty. This action is peculiarly equitable in its nature, and lies whenever an express or implied trust

to pay over money has been violated. The case of *Beardslee v. Horton*, 3 *Mich. R.*, 560, contains a clear exposition of the doctrines applicable to such cases. It was, in our opinion, entirely open to the parties to show for what purpose the note was given to Catlin, and if given for Birchard's benefit, he had a right to compel Catlin to account for it. No further consideration was necessary to bind Catlin than the assumption of the relation of agency, or trusteeship. Having assumed to collect the money, the duty of paying it over followed as an implied legal obligation.

It was claimed that, inasmuch as the written proposition made to Wm. A. Howard contemplated the payment of this money to Smith and Dwight, and not to Birchard, no testimony could change the writing. By that proposition, the money was not made payable to Catlin at all. But the question, what propositions were made, cannot affect the case at all. The agreement actually made requires the money to be paid to Catlin. It was competent to show Howard's assent to this agreement, and it was also competent to show for what purpose the money, made payable to Catlin, was designed. The agreement was performed when Catlin was paid. His agreement, or responsibility for the management of the money, was entirely independent of Wm. F. Smith's liability to pay it, and formed no necessary part, therefore, of the written arrangement. There was testimony bearing upon all the facts in controversy, and the Court properly submitted it to the jury, with whose conclusions we have no authority to interfere.

Upon a careful consideration of the errors alleged, we think there was no error in the proceedings, and judgment should be affirmed, with costs.

The other Justices concurred.