In the matter of the appeal of Joseph Elder and William Elder, claimants against the estate of Horace Rosier, deceased.

*Evidence explaining assignment—Set-off as between partners.*

In proceeding against an estate to recover money realized from a judgment which had been assigned by plaintiffs to decedent, parol evidence is admissible to show that it was actually collected for the benefit of the assignors.

Where a partnership contained more than two members and one has died and there is nothing to show that all the rest together stood as one partner only, a balance in the partnership affairs in favor of the decedent cannot in an action at law be offset against a claim against his estate brought by the survivors.

Error to Washtenaw. Submitted October 16. Decided October 29.

Appeal from the decision of commissioners in probate disallowing claims against Rosier's estate. An issue in assumpsit was framed and the claimants had judgment. The administratrix of the estate brings error.

*Sawyer & Crane* for plaintiff in error.

*Jas. T. Honey* and *Frazer & Hamilton* for defendant in error. Parol evidence is admissible to show the purpose of an assignment, *Collins v. Tillou,* 26 Conn., 368; *Bennett v. Pierce,* 28 id., 315; *Clarke v. Tappin,* 32 id., 65; *Brooks v. Fairchild,* 36 Mich., 231; unsettled partnership matters cannot be set off against individual claims, *Finney v. Turner,* 10 Mo., 207; *Ordiorne v. Woodman,* 39 N. H., 541; *Gleason v. White,* 34 Cal., 258; *White v. Waide,* 1 Miss., 263; *Beach v. Hotchkiss,* 2 Conn., 425; one partner cannot sue another for advances made by him on account of the firm, *Bracken v. Kennedy,* 4 Ill., 558; *Gridley v. Dole,* 4 N. Y., 486.

Graves, J. These claimants presented two joint claims against the estate of decedent to the commissioners of

audit and the claims were disallowed. The claimants appealed to the circuit court, where the case was tried before a jury. The judge instructed the jury against one of the demands and submitted the other, and upon that a verdict was returned in favor of the claimants. The estate brought error.

The first claim was for a balance asserted to be due the claimants on dissolution of an alleged co-partnership between them and decedent. The second was for the amount of a judgment in Buffalo, alleged to have been collected by the administratrix upon an order given by the judgment debtor to decedent upon Downey & Devine, for the benefit of claimants.

As the first demand was disposed of, no question in relation to it arises on this record.

In December, 1875, the claimants gave decedent a written assignment of the judgment, and in the course of a few weeks he took an order on Downey & Devine from the judgment debtors for the amount, and after his death his administratrix received the money upon the order. Several exceptions were taken to the admission of parol evidence to explain the circumstances and show that decedent acted for claimants and was to receive $50 as compensation for collecting the judgment, and that the money was received by the estate and belonged to the claimants. The objection made against the evidence was that it was inconsistent with the written assignment of the Buffalo judgment. The objection was properly overruled. *Willard v. Fralick*, 31 Mich., 431; *Catlin v. Birchard*, 13 Mich., 110.

That the assignment passed the legal title to the judgment was not questioned in any way, and the evidence was not tendered for the purpose of infringing the assignment. The claim was in substance of the same nature as the equitable action for money had and received, and was governed by the same principles. It was hence perfectly competent to show a state of facts sufficient to establish that the money when received by

the estate equitably belonged to the claimants, and could not be equitably withheld, and the evidence admitted was pertinent.

As matter of defense, an attempt was made by the estate to prove that claimants and decedent were co-partners, and that a balance existed in the partnership affairs in favor of decedent which the estate was entitled to set off. The court excluded the offer. The record contains nothing to impeach this ruling. Counsel for the estate refer to *Wheeler v. Arnold*, 30 Mich., 304, as opposed to it, but that is not so. There, but two partners were concerned and on the death of one an adjustment only required a consideration of the equities between the survivor and the estate of the deceased partner. There could be no disparity of interests beyond such as could arise between the one and the other, and no ground for conflicting or disagreeing equities or variable relief on the side of the estate or the side of the claimant, and the opinion carefully confined the right of inquiry to the case of two partners. Here there were three partners and the defense contemplated an investigation of their affairs, to show a final balance in favor of decedent and against the claimants jointly. The proceeding was not suitable for the tribunal and case. No overhauling of the partnership affairs to ascertain and fix the final rights of the parties could be made without taking cognizance of the respective equities, and the specific rights and interests of each one of the three, and this could not be safely attempted before a jury in an action of the nature of one at common law, and on the common law side of the court.

This difficulty seems to have occurred to counsel for the estate, because in their brief they observe that "notwithstanding there were three *individuals* in the firm, yet there were not in reality but two partners,— Rosier constituting one of the partners, who furnished all the capital employed, and the two elder brothers, who were to do all the labor of the business as an

off-set to the capital furnished by Rosier, constituting the other partner."

The record does not disclose any proof or offer to prove that in the constitution of the partnership and in the relation between the partners the claimants were as one partner and decedent as the other.    There is hence no occasion for saying what the effect of such a state of things might be.

The exceptions not disposed of by the views expressed are not of sufficient merit to require special notice.

We discover no error of which the estate can complain, and the judgment should be affirmed with costs.

The other Justices concurred.