### MARY F. RYAN v. MARY O'NEIL.

*Appropriation of money to payment of debt.*

A man who was in debt handed money to his wife telling her to put it in the bank and saying that it would go towards paying the creditor. The wife deposited it, but afterwards withdrew it and used it. *Held* that the money had not been specifically appropriated to the payment of the debt in any such way as not to remain subject to the debtor's control ; and that after his death the creditor could not recover the amount in an action against the wife.

Error to Wayne. Submitted Oct. 6. Decided Oct. 18.

ASSUMPSIT on the common counts. The defendant, Mrs. O'Neil, is widow of Capt. P. H. O'Neil who at the time of his death was indebted to the plaintiff, Mrs. Ryan, in the sum of about $900. Before his illness, which lasted for several months, he handed his wife $400 telling her to put it into the bank and saying that Mrs. Ryan was coming for

a settlement and that it would go towards paying her. She deposited it in her own name, but afterwards she withdrew it and used it to pay doctor's bills and funeral expenses, and for other purposes. The court below held that there was nothing to go to the jury and directed a verdict for defendant. Plaintiff brings error. Affirmed.

*Henry M. Duffield*, for appellant, claimed that defendant received the money as trustee for plaintiff and that the trust was naked and an action at law would lie on it : *Farrelly v. Ladd* 92 Mass. 127 ; *Catlin v. Birchard* 13 Mich. 110 ; Hill on Trustees 765 ; *Oliver v. Piatt* 3 How. 333 ; *Winder v. Diffenderffer* 2 Bland Ch. 198 ; *Baker v. Biddle* Baldw. C. C. 422 ; and a declaration for money had and received was sufficient : Perry on Trusts § 843 p. 475 ; *Martzell v. Stauffer* 3 Penn. 398 ; *Aycinena v. Peries* 6 W. & S. 243 ; the cases cited by defendant's counsel on the trial were all cases of gifts, as *Brabrook v. Boston Bank* 104 Mass. 228 ; *Clark v. Clark* 108 Mass. 522 ; *Stone v. Bishop* 4 Cliff. 593 ; *Witzel v. Chapin* 3 Brad. Sur. 386 ; which hold that the voluntary gift not having been executed before the death no title has passed.

*Maynard & Swan* for appellee. No form of words will create a trust unless the grantor's intention that it shall be a trust appears: *Richardson v. Inglesby* 13 Rich. Eq. (S. C.) 59 ; where the owner of money directs it to be deposited in a bank, and states the object to which he proposes to apply it, it still remains his property put there by his agent : *Seaman v. Whitney* 24 Wend. 260 ; *Maxwell v. Longenecker* 82 Ill. 308 ; *Smith v. Keating* 6 C. B. 136 ; *Trustees of Howard Coll. v. Pace* 15 Georgia 490 ; *Dixon v. Pace* 63 N. C. 603 ; *Baron v. Husband* 4 B. & Ad. 611 ; *Gibson v. Minet* 9 Moore 36 ; and the person who was to have been paid the money cannot maintain an action against the agent especially if there was no privity of contract between them : *Pipp v. Reynolds* 20 Mich. 88 ; *Turner v. McCarty* 22 Mich. 265.

MARSTON, J.   There was no error committed in this case in directing a verdict for the defendant.   There was no evidence in the case tending to show that the husband of defendant had given this money to her for the specific purpose of paying it to the plaintiff, or that the defendant accepted it for any such purpose, or that the plaintiff was informed of any such arrangement or had any knowledge thereof.   The money after it was deposited by the defendant still remained the property of her husband and subject to his control and to any disposition that he should have thought proper to have made thereof.   The remark made by him to his wife, the defendant, at the time he handed her the money, was of no importance, as it created no legal or equitable right in either plaintiff or defendant to the money, other than for the purpose of depositing it in the bank as directed.   It was not a specific appropriation of that particular money to payment of the plaintiff's debt, nor could it have given her any right to the same even had it remained in the bank or in the hands of the defendant.

The case does not come within that of *Catlin v. Birchard* 13 Mich. 110.

The judgment must be affirmed with costs.

The other Justices concurred.