SECOND NATIONAL BANK OF SAGINAW *v.* GAMBLE.

1. DISMISSAL AND NONSUIT — JURISDICTION OF COURT PROPERLY RAISED BY MOTION TO DISMISS.

Under 3 Comp. Laws 1915, § 12456, where defendant, after a deceased's estate had been duly administered and closed, filed a cross-bill against the trustee under the will and the heirs of said deceased asking for an accounting as to the profits in certain lands in which defendant claimed a contract interest, alleging that defendant had been prevented from sooner presenting said claim against the estate by reason of the fraudulent concealment of certain facts by deceased and the heirs, the question of the jurisdiction of a court of equity to entertain said cross-bill was properly raised by motion to dismiss.

2. SAME—PLEA IN BAR.

A plea in bar may not be included in a motion to dismiss.

3. APPEAL AND ERROR—PLEA IN BAR INCLUDED IN MOTION TO DISMISS—HEARD ON MERITS.

Although a plea in bar was erroneously included in a motion to dismiss, where it was heard and determined in advance of the trial, not on the motion to dismiss, but on the submission of proofs under the order of the court as provided in Circuit Court Rule No. 25, the Supreme Court, on appeal, will overlook the fact that it was wrongfully included in said motion, and will consider it on its merits.

4. ESTATES OF DECEDENTS—NATURE OF CLAIM — EQUITY — JURISDICTION.

Where defendant's cross-bill charged fraud, and asked for an accounting as to the dealings of deceased and his heirs with certain lands covering a period of more than 40 years and involving millions of dollars, and defendant's contract with deceased shows that at least fiduciary relations existed between them, the trial judge was in error in his conclusion that defendant's claim involved merely a money demand for services and that the probate court had exclusive jurisdiction to hear and determine it.

5. DISMISSAL AND NONSUIT — ALLEGATIONS TAKEN AS TRUE ON MOTION TO DISMISS.

On a motion to dismiss a cross-bill, the allegations of fraud therein contained must be taken as true.

6. ESTATES OF DECEDENTS—WHERE CLAIMANT PREVENTED BY FRAUD FROM PRESENTING CLAIM EQUITY HAS JURISDICTION—LIMITATION OF ACTIONS.

Where defendant's cross-bill alleged that he was prevented from presenting his claim to the estate of deceased by the fraud of deceased and his heirs, and because of said fraud he did not learn of his claim until after the estate was closed, the statute of nonclaim (3 Comp. Laws 1915, § 13877) has no application, and a court of equity will hear and pass upon said claim.

Appeal from Saginaw; Browne (Clarence M.), J. Submitted January 16, 1924. (Docket No. 16.) Decided April 10, 1924. Rehearing denied June 18, 1924.

Bill by the Second National Bank of Saginaw, trustee under the last will of Wellington R. Burt, deceased, and others against Henry Gamble and another to enjoin a suit in equity for want of jurisdiction. Defendant Gamble filed a cross-bill for an accounting. From a decree dismissing the cross-bill, defendant Gamble appeals. Reversed.

*Thomas G. Long, William L. Carpenter, Humphrey, Grant & Henry, Weadock & Weadock,* and *James B. Peter,* for plaintiffs.

*Moore & Moore (Fryberger, Fulton, Hoshour & Ziesmer,* of counsel), for appellant.

McDONALD, J. Wellington R. Burt, a resident of Saginaw, Michigan, died in March, 1919, leaving an estate estimated to be worth $13,000,000. The Second National Bank of Saginaw, Michigan, is executor and trustee under his will. George B. Morley is co-trustee. The other plaintiffs are Mr. Burt's heirs.

The defendant Henry Gamble claims an interest in certain lands and leases belonging to the estate, which claim is based on the following contract:

"This agreement made this fifteenth day of May, eighteen hundred and eighty (1880), by and between Henry Gamble and Wellington R. Burt, as follows:

"Whereas, said Henry Gamble has spent a good deal of time and money looking up the timber on and mineral in large tracts of land located part in Wisconsin and part in Minnesota and making estimates of their value and desires to interest someone with capital to purchase said lands and give him a share of the profits of the different purchases.

"And, whereas, said Burt is willing to take said minutes and said information and purchase said land and give said Gamble an interest in the profits of said purchase,

"And now, therefore, it is agreed as follows:

"Said Gamble shall turn over his minutes and other information in regard to said lands to said Burt.

"Said Burt agrees to furnish the money needed to purchase and procure said lands, attend to all the details in regard to inspection, selection and purchase of said lands,

"And it is mutually agreed between the parties hereto that said Gamble shall have a one-fourth interest in the profits arising from the purchase or sale of said lands.

"In witness whereof, the said parties hereto have set their hands and seals the day and year first above written.

"WELLINGTON R. BURT  (L. S.)

"HENRY GAMBLE.  (L. S.)

"Signed, sealed and
  delivered in presence
  of:
"LAWSON C. HOLDEN."

It is claimed that acting under this contract Mr. Burt acquired the title to large tracts of valuable timber and mineral lands in the State of Minnesota, from which he realized many millions of dollars, one-fourth of which belonged to Gamble; that he fraudu-

227—Mich.—3.

lently concealed these profits from Gamble, falsely representing to him that the business had not progressed far enough to enable him to make an accounting; that Gamble believed these representations and therefore took no action to secure an accounting during Mr. Burt's lifetime. Mr. Burt died in 1919. His estate was duly administered and closed. Shortly thereafter Gamble first learned that Burt had deceived him as to the profits. He demanded an accounting of the heirs. They denied his claim. He then filed a bill in chancery in the district court of Minnesota at Duluth against all of the present plaintiffs, asking for an accounting and for a determination of his rights under the contract. Representatives of the estate appeared with a motion to dismiss on the ground that the Minnesota court was without jurisdiction. Before the motion was determined the plaintiffs here instituted this action in the Saginaw circuit court to have the Minnesota suit enjoined and the contract canceled. Defendant Gamble filed an answer and cross-bill in which he asked for an accounting as to the profits realized by Burt from the lands in question, in his lifetime, and by the plaintiffs since his death. To this the plaintiffs answered challenging the jurisdiction of the court to hear the defendant's claim and setting forth other matters that would constitute a plea in bar. Basing their action on these defenses they made a motion to dismiss the cross-bill. Included in the motion was a request that the defense in bar should be heard and determined in advance of the trial. After receiving some testimony as to the matters alleged in the plea, the court found that the probate court had exclusive jurisdiction to determine the defendant's claim, and that as the estate had been closed and no claim presented within the time limited by the statute for that purpose, the defendant was thereafter forever barred from recovering his demand in any action whatever either in the probate court or

in a court of equity. Accordingly, a decree was entered dismissing the cross-bill. The defendant Gamble appeals. For convenience in this opinion, Mr. Gamble will be referred to as the defendant and the other parties as the plaintiffs.

The first question presented by the record relates to a question of practice. It is claimed by the defendant that the questions here involved cannot be raised by motion to dismiss.

"By section 4, chapter 14, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 12456), demurrers, pleas in abatement and pleas to the jurisdiction, are abolished and a motion to dismiss is substituted." *Vyse* v. *Richards,* 208 Mich. 383.

In the instant case the question of jurisdiction was properly raised by motion to dismiss. It was not proper, however, to include in the motion the plea in bar.

"Defenses which formerly required a plea in bar cannot be made under the summary proceedings of a motion to dismiss." *Vyse* v. *Richards, supra.*

But the motion in question was more than a motion to dismiss. It was in part a motion to have the issue raised by the defense in bar heard in advance of the trial. This was a proper proceeding under Circuit Court Rule No. 25, § 3, which reads as follows:

"Pleas in equitable actions, other than pleas in abatement and to the jurisdiction (which are abolished by statute) are abolished, and all defenses which might formerly be raised by such pleas shall be interposed by answer provided that on cause shown by motion an issue so raised may be heard in advance of the trial in the cause."

This issue was heard and determined in advance of the trial not on the motion to dismiss under the statute in which only allegations in the cross-bill could be considered, but on the submission of proofs under the

order of the court. Thus, while in a sense it might appear that the plea in bar was raised on the motion to dismiss, it was in fact raised and determined under Circuit Court Rule No. 25, though the court considered it as a ground for dismissing the cross-bill. Motions to dismiss are authorized by the statute as a substitute for demurrers, and may be heard in advance of the trial on four days' notice by either party. Pleas in bar are abolished by court rule. Such a defense is now interposed by answer and can be heard in advance of the trial only by order of the court on cause shown. The two proceedings are entirely dissimilar and should not be confused in the same motion. However, in this case, as the plea in bar was interposed by answer and properly heard in advance under the circuit court rule, we will overlook the fact that it was wrongfully included in the motion to dismiss, and here consider it on its merits.

The motion to dismiss raises the question of jurisdiction. It was the opinion of the circuit judge that the defendant's claim involved merely a money demand for services, and that the probate court had exclusive jurisdiction to hear and determine it. We cannot agree with him. The record shows that an extensive accounting is required. The dealings which must be inquired into covered a period of more than 40 years, and involve, it is charged, millions of dollars' worth of property, some of which is now in long term iron ore leases, which are a part of the profits claimed by the defendant. The evidence for the most part is in the hands of the trustees and the heirs. Fraud and deceit are charged and an accounting is sought not only as to the dealings of Mr. Burt during his lifetime, but as to the transactions of the heirs in relation to the property since his death. The contract shows that at least fiduciary relations existed between the defendant and Mr. Burt in respect to the business involved. The agreement undertaken by

Burt bound him to deal with the property not only for his own benefit, but also for Gamble's benefit. The agreement was more than a simple contract to pay money by Burt. Confidence was reposed in him that he would faithfully account as to his dealings and handle the property for Gamble's benefit as well as for his own. The following language of Mr. Justice BROOKE in *Graham* v. *Graham,* 171 Mich. 307, aptly applies to the facts in this case:

"Between the deceased and the defendant there existed a relationship somewhat resembling a partnership. The machinery of a tribunal consisting of commissioners on claims is inadequate for the purpose of properly adjusting the equities in such a relationship. *Elder's Appeal,* 39 Mich. 474. Moreover, it is alleged that all the evidence of the dealings between the deceased and defendants is in the possession of the defendants. The difficulty the representative of the estate would encounter in exhibiting his claim of set-off under such circumstances will be readily appreciated."

The question has been before this court in other cases and it has uniformly been held that, in circumstances such as are presented by this record, a court of equity alone can adjust the equities between the parties.

The question raised by the plea in bar is that the defendant's right of action under the contract is extinguished by operation of the statute commonly known as the "statute of nonclaim." It reads as follows:

"Every person having a claim against a deceased person, proper to be allowed by the commissioners, who shall not, after the publication of notice as required in the second section of this chapter, exhibit his claim to the commissioners within the time limited by the court for that purpose, shall be forever barred from recovering such demand, or from setting off the same in any action whatever." 3 Comp. Laws 1915, § 13877.

This statute has been construed by this court in numerous cases; and always it has been held that where a claimant, by neglect or choice, allows the opportunity offered him by the statute to run by, he is thereafter forever barred from asserting his claim in any action either in law or in equity. But this court has never held that a court of equity will not hear such a claimant where he fails to present his claim in time to the probate court because of fraud on the part of one from whom the obligation is due. On the contrary, in *Allen* v. *Conklin,* 112 Mich. 74, this court quoted with approval the following equitable rule:

"Courts of equity not only act in obedience and in analogy to the statutes of limitations in proper cases, but they also interfere, in many cases, to prevent the bar of the statutes where it would be inequitable or unjust. Thus, for example, if a party has perpetrated a fraud which has not been discovered until the statutable bar may apply to it at law, courts of equity will interpose, and remove the bar out of the way of the other injured party. *A fortiori* they will not allow such a bar to prevail, by mere analogy, to suits in equity, where it would be in furtherance of a manifest injustice."

In *Allen* v. *Conklin* the record shows that the estate had been closed for several years when the plaintiff for the first time asserted her claim by filing a bill for an accounting, and to establish a lien upon devised lands. Because of the fraudulent conduct of the decedent, who had been her guardian, she was entirely ignorant of her claims against his estate. In answer to the contention that her claim was barred by reason of her failure to present it to the probate court within the time limited by the statute, this court said:

"Suppose it is true that so much time has now elapsed since the death of Richard Low that complainant could get no relief in probate court; does it follow that equity cannot aid her? The bill alleges

that Richard Low obtained large sums of money, as guardian, belonging to complainant, for which he never accounted, but fraudulently appropriated them to his own use, and prays for an accounting.    Unless the statute of limitations·has cut off her remedy, she has stated a case entitling her to the aid of a court of equity."

"Where presentation was prevented by fraudulent concealment by decedent, a bill in equity may be maintained to obtain satisfaction out of the surplus in the hands of heirs and distributees, if commenced properly after discovery of the claim."    24 C. J. p. 365, note a; citing *Sugar River Bank* v. *Fairbank,* 49 N. H. 131.

It may safely be said the doors of justice will invariably swing open to the victim of fraud.    In the instant case the cross-bill is admitted to be true; it alleges gross fraud on the part of Mr. Burt.    Accepting a relation of trust and confidence he was bound to faithfully account to the defendant for all of the dealings in which they were mutually interested.    He did not do so, but by fraud and deceit succeeded in evading an accounting during his lifetime and in wrongfully withholding from the defendant many thousands of dollars justly due to him under the contract.    It is alleged that he fraudulently appropriated to his own use all of the defendant's share of the profits; that he falsely represented the condition of the business; that the defendant believed the representations and, therefore, did not understand that he had any claim for profits to present to Burt's estate; that not until some time after the estate was closed did he have any suspicion or knowledge of the fact that Burt had deceived him, and that large sums of money and property belonging to him by way of profits had been fraudulently appropriated by Burt. Assuming, as we must, that the allegations of the cross-bill are true, the defendant did not know that he had a claim against the estate, and this lack of knowledge was due to the fraudulent representations of the

decedent.    Under these circumstances the statute of nonclaim does not operate as a bar to the assertion of his claim in a court of equity.    Further, it will be observed that the statute describes the claim to be barred as one, "proper to be allowed by the commissioners."    As we have heretofore pointed out, the defendant had no claim proper to be allowed by the commissioners.    The defendant's cross-bill states a case which entitles him to relief in equity.    In dismissing it the court was in error.

The decree is reversed, with costs to the defendant.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.