Donald M. YOUNG and Hartford Fire Insurance Company, a Connecticut corporation, individually and as assignee of Donald M. Young and others, Plaintiffs,

v.

Marjorie A. Frith MOORE, individually and as administratrix of the Estate of Ashley E. Frith, deceased, Defendants.

No. 1407.

United States District Court, E. D. Michigan, N. D.

Dec. 29, 1954.

10.   Mannheimer Bros. v. Kansas Casualty & Surety Co., 149 Minn. 482, 184 N.W. 189.

Mitts, Smith & Haughey, Grand Rapids, Mich., for plaintiffs.

Arthur J. Kinnane, Bay City, Mich., for defendants.

PICARD, District Judge.

This action presents a question that has been debated by Michigan lawyers for sometime, to-wit, whether the non-claims sections of our Michigan Probate Code, §§ 27.3178(412), 27.3178(428), 27.3178(435), 27.3178(432), Comp.Laws 1948, §§ 708.2, 708.18, 708.25, 708.22, have the effect of changing the statutes of limitations as provided in the general law M.S.A. §§ 27.605 and 27.610, Comp. Laws 1948, §§ 609.13, 609.18, where one having an unliquidated claim, not presented for allowance before the estate was closed, seeks later to bring action under section 27.3178(432), supra which permits him to either present the claim to the hearing officers appointed by the Probate Court or to sue in one of Michigan's other courts of proper jurisdiction.

## Findings of Fact.

The facts are not in dispute.

The husband of the individual defendant was in an accident December 9, 1952, with Young, the individual plaintiff. The insurance plaintiff, Young's assignee, paid for damages to Young's vehicle and Young personally claims injuries and other damages. Defendant Moore's husband was killed and his estate probated but was duly closed after notice, July 17, 1953, a little over seven months after the accident. Neither plaintiff presented a claim to the Probate Court and suit was not brought to prove any claim until this action, May 27, 1954, ten months after the estate was closed. It does not appear whether defendant Moore was the only heir of her husband's small estate. Plaintiffs do not ask to have the estate reopened undoubtedly because in Michigan the estate could be reopened only to cure some error or because of newly discovered assets, Michigan Probate Code, § 27.3178(307), Comp.Laws 1948, § 704.56, and which section specifically and particularly denies admission of tardy claims. There is no administratrix nor estate now existing and the individual defendant had nothing to do with the accident. No mistake, fraud, or deceit of any kind is alleged but plaintiffs not only desire to share in the proceeds of a public liability insurance carried by the husband on his automobile but also in the estate of the husband that has already been distributed to the wife.

Plaintiffs do allege that they were negotiating with deceased's insurance company for a settlement but immediately after the estate was closed the decedent's insurance company refused to negotiate any longer. This might possibly have been the foundation for fraud were it not for the fact that all proper notices were given as required by the code and the further fact that probation of defendant Moore's husband's estate was initiated, and the attorneys paid, by the Hartford Accident and Indemnity Company of Hartford, Connecticut which company at that time was the companion organization of plaintiff insurance company.

Furthermore, the known claim of plaintiff insurance company is the greater of the two plaintiffs so while plaintiffs in their brief emphasize the fact that defendant is in truth an "insurance company" it can be added that the main plaintiff is also an "insurance company."

The merits of who would prevail in a damage suit was not discussed.

## Conclusions of Law.

■■ First, we dispose of plaintiff's theory that regardless of what the Michigan law may be, limitation on claims or discharge of administration for non-residents is not governed by state statutes but by federal law, based on an old decision that has not been directly reversed, to-wit, Hartman v. Fishbeck, C.C., 18 F. 291.

We cannot agree. The administration of decedent's estate is purely statutory and is now governed by the law of Michigan in both State and Federal courts in accordance with what we believe was the revolution marked by Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 and more recently interpreted and clarified by Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. We hold it was the intent of the Erie decision that where federal jurisdiction is based solely on diversity of citizenship as here, the legal rules to be applied including the statute of limitations would be the same as if the suit had been tried in the courts of the state in which the federal court is sitting.

As was said in 1 Barron and Holtzoff, page 26:

"The best judicial craftsmanship must weigh the case and decide it in an effort to give effect to the rules and yet avoid a result that could not have resulted in the state court within the same federal jurisdiction."

See also Knoop v. Anderson, D.C., 71 F. Supp. 832.

Let us then analyze the purpose of the Michigan legislature in enacting the Michigan Probate Code.

Prior to 1939, by express statutory provision, claims not presented to the commissioners on claims (or to the Probate Court if no commissioners appointed) within the time limited by the court were forever barred. See C.L.1929, Sec. 15687, Coughlin v. Wineman, 260 Mich. 469, 245 N.W. 779; In re Estate of Jeffers, 272 Mich. 127, 261 N.W. 271; In re Thayer's Estate, 210 Mich. 696, 177 N.W. 978. This is such a claim since all claims, with exceptions not here pertinent must be so presented under C.L.1929, Section 15685. See also In re Sullivan's Estate, 165 Mich. 585, 131 N.W. 180; Patrick v. Howard, 47 Mich. 40, 10 N.W. 71; In re Chamberlain's Estate, 298 Mich. 278, 299 N.W. 82.

But in 1939, the laws relating to the administration of estates were codified and certain changes made, among them a provision permitting establishment of claims in court of general jurisdiction was added, § 27.3178(432). See In re Chamberlain's Estate, supra. At the same time the express provision in C.L. 1929, Sec. 15687 barring claims not presented within the limit was omitted. But under the new code the probate court is still required to fix a date for filing and hearing claims, M.S.A. § 27.-3178(412) and Section 27.3178(428) provides that a tardy claim may be filed if presented within eighteen months after original filing date for administration of the estate and *before the estate is closed.*

At this time we digress to direct attention to the fact that while the Probate Code attempts to limit presentation of claims to the period within which the estate is open and in some cases (if the estate is closed within a comparatively short time) might have the effect of shortening the statute of limitations, at the same time it is possible, and many times probable, that the statute of limitations may be even increased where, for example, no attempt to probate the estate has been made for one, two or several years after death of the deceased and still the unliquidated claim might be filed within eighteen months after the original filing date asking for probate and before the estate is closed. § 27.3178(428), supra.

We also direct attention to the fact that the Probate Code does have a provision protecting unliquidated claims such as in the case at bar. All claimant must do is to start suit and give notice to the probate court. From that moment on no part of the estate is distributed but is held pending result of the unliquidated claim action. Then when such claim is established against the estate of a decedent the clerk of the court where judgment is obtained must certify that judgment to the probate court and its effect shall be the same as all other approved claims of the same class, Sec. 27.3178(432).

The question is, may plaintiff, in view of the above cited provisions, completely ignore the probate code and now establish his claim in this court? The entire probate code should be construed together and the construction to be given arrived at after consideration of the entire code so it will be one harmonious, consistent act. In re Chamberlain's Estate, supra. So construed the act is a bar to plaintiff's rights. We deem it significant that the code requires the probate court to fix dates for filing and hearing claims, that it imposes a time limit on presentation of tardy claims, expressly prohibiting reopening the estate to permit assertion of them. Thus the probate code construed as a whole contemplates no action in courts of general jurisdiction without such court giving due regard to the time limit fixed by the probate court for approving and allowing claims. So if the claim could not be established in probate court by reason of expiration of time, distribution and closing of the estate, and discharge of the fiduciary, the action should not be entertained by any court. Although actions to establish claims in courts of general jurisdiction are authorized, they are not, within contemplation of the code, completely divorced

from administration of the estate in probate court. This is true because of the limited effect to be given judgments against estates in courts of general jurisdiction. For example, execution is not issued. Instead the judgment is certified to the probate court and claimant shares pro-rata in the assets of the estate with claims of the same class, § 27.3178(432).

We have read Second National Bank of Saginaw v. Gamble, 227 Mich. 31, 198 N.W. 340, cited by plaintiffs as controlling. The court has given this case careful consideration and concludes that plaintiffs' claim is not within its ruling. In the case at bar, unlike the Gamble case, supra, there is no allegation of fraud or misconduct.

██ We come now to defendant's other points of objection. It is a well recognized principle of law that a decedent's estate continues to exist from the time of death until closed by court order, In re Hayer's Estate, 233 Iowa 1343, 11 N.W.2d 593. As a corollary after an order has closed the estate, it is nonexistent. Also upon discharge of a fiduciary pursuant to court order the person discharged is no longer a fiduciary and thereafter has nothing to do with the estate, 33 C.J.S., Executors and Administrators, § 79, p. 1012. Insofar as plaintiffs' complaint seeks to establish a claim against defendant as administratrix of Frith's Estate, this court has no jurisdiction for the further reason that there is no estate and no administratrix.

██ The personal representative's duty is limited to faithful, honest administration and the payment of claims legally allowed against the estate with proceeds from assets of the estate. Even if it were a legal certainty that the estate would be reopened and defendant appointed administratrix this would not confer jurisdiction.

"A defendant in the federal courts must be 'a real, actual, existing defendant, not a potential or possible defendant.'"

Moss v. Kansas City Life Ins. Co., 8 Cir., 96 F.2d 108, 115.

Nor is defendant liable as an individual for the negligence of her intestate. She had nothing to do with the accident.

The motion to dismiss is granted.