MELVIN v. READING.

1. EQUITY—FRAUD—PLEADING.

Bill to reach assets of deceased motorist's estate, now in hands of distributees, *held*, to have failed to aver facts constituting fraud upon plaintiff who was injured in accident resulting fatally to the defendants' decedent, where there was no charge of fraud beyond statement that the prompt probating of the estate without actual notice to plaintiff worked a constructive fraud, does not charge defendants with affirmative representation, or silence when there was a duty to speak nor even a duty of defendants to advise her that probate proceedings were pending and headed toward prompt closing.

2. ESTATES OF DECEDENTS—FILING OF CLAIM AGAINST ESTATE.

The right to file claim or suit based on an obligation of a decedent accruing in his lifetime, whether it sounds in tort or otherwise, is provided for and limited by the probate code (CL 1948, § 701.1 *et seq.*).

3. SAME—CLOSING OF ESTATE—NOTICE—REHEARING—TIME—FRAUD, MISTAKE OR ACCIDENT.

Plaintiff who was advised that the estate of deceased motorist had been closed some 27 days prior to receipt of notice thereof and who failed thereafter to petition the probate court within statutory period for a rehearing may not thereafter maintain suit in equity to reach assets in hands of distributees in the absence of allegation of equitably-actionable fraud, mistake or accident (CL 1948, § 701.19).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur, Fraud and Deceit §§ 2, 3.
[2] 21 Am Jur, Executors and Administrators § 341 *et seq.*
[3] 21 Am Jur, Executors and Administrators §§ 368–370.
[4] 24 Am Jur, Fraud and Deceit § 243.
[5] 21 Am Jur, Executors and Administrators § 382.
[6] 50 Am Jur, Statutes § 435 *et seq.*
[7] 21 Am Jur, Executors and Administrators § 539.

4. EQUITY—FRAUD—PLEADING—EVIDENCE.
   Fraud may not be inferred in a suit in equity, but must be pleaded and proved.

5. ESTATES OF DECEDENTS—REHEARING—REOPENING OF ESTATE.
   A petition to rehear, pursuant to pertinent section of probate code granting such right for 3 months following the original hearing, is not a petition to reopen the estate and is not affected by restricting proviso to section of probate code relative to reopening estates that failure of a claimant to file a claim against the estate during original administration thereof shall not be a cause for reopening the estate or for the appointment of a successor fiduciary (CL 1948, §§ 701.19, 701.56).

6. STATUTES—PROVISOS.
   The general office of a restrictive proviso is to except something from the· enacting clause or to qualify and restrain its generality and prevent misinterpretation, its grammatical and logical scope being confined to the subject matter of the principal clause.

7. ESTATES OF DECEDENTS—REHEARING.
   The probated estate of a decedent is not finally "closed" until the expiration of the statutory period within which a petition for rehearing may be filed (CL 1948, § 701.19).

8. SAME—REHEARING.
   A timely petition to rehear or vacate an order of the probate court with reference to the estate of a decedent must disclose good cause and absence of prejudice to those who in good faith and in the interim have acted in reliance on such closing order (CL 1948, § 701.19).

9. NOTICE—ATTORNEY AND CLIENT—INFANTS.
   Notice given to plaintiff's attorney that estate of deceased motorist had been closed did not constitute corresponding notice to plaintiff's minor children who were injured in the same accident, hence, their rights would not be affected by order dismissing plaintiff's bill to reach assets in hands of distributees.

Appeal from Washtenaw; McDonald (Archie D.), J., presiding. Submitted June 7, 1956. (Docket No. 25, Calendar No. 46,654.) Decided September 4, 1956.

Bill by Helen Melvin, individually and as assignee of Ronald Melvin, against Douglas K. Reading, Stuart A. Reading, Mildred M. Wheeler and Marion Haven praying for personal judgment against them as heirs and distributees of estate of deceased tortfeasor in automobile accident. Motion to dismiss bill denied. Defendants appeal. Reversed and remanded.

*Robert F. Robbins* (*Joseph J. Geraci,* of counsel), for plaintiff.

*DeVine & DeVine,* for defendants.

BLACK, J. The defendants are legatees and distributees of the estate of Carlos A. Reading, deceased. Their motion to dismiss plaintiff's bill of complaint, filed in the Washtenaw circuit, was denied by the chancellor. October 12, 1955, this Court granted leave to appeal from the order of denial. The question before us is whether the bill states an appropriate subject of equitable relief.

The bill, filed January 7, 1955, alleges that plaintiff was injured in a vehicular collision occurring April 26, 1953, said to have been caused by negligence on the part of the said Carlos A. Reading. It alleges further that Mr. Reading was killed as a result of such collision and that she in consequence is possessed of a substantial claim for damages against Mr. Reading's estate, the distributable corpus of which has passed into hands of the defendants by virtue of Washtenaw county probate proceedings.

The bill next alleges that proceedings toward probate of Mr. Reading's will and estate were hurriedly instituted after Mr. Reading's death and that same were finally concluded without plaintiff's knowledge on September 3, 1953, "a period of about 4 months and a week after the death of Carlos A. Reading."

It then alleges disability on the part of plaintiff, resulting from the collision, as reason for failure of timely filing of claim or suit against Mr. Reading's estate or fiduciary, and charges that plaintiff at no time received notice of pendency of hearing on claims against the estate. The charging part of the bill concludes with this allegation:

"10. That, in the probating of the estate of Carlos A. Reading, every possible method of facilitating the closing of this estate was executed with the result that, in a real sense, it worked a constructive fraud on complainant, who was incapacitated for months, and who had a just claim against the estate of Carlos A. Reading, deceased."

The bill then alleges that negotiations (apparently toward adjustment of plaintiff's claim) were carried on between plaintiff's counsel* and the previously discharged executor of Mr. Reading's will, defendant Douglas K. Reading, and that such negotiations continued between September of 1953 and the date of filing of the bill. Beyond listing of the assets of the Reading estate in detail and the fact of assignment thereof to defendants, the bill makes no further charges. The material prayer of the bill follows:

"C. That said complainant be decreed a personal judgment against said defendants above named, jointly and severally, for her pain and suffering, her medical, hospital and dental expenses, her loss of wages, permanent injuries to her nerves and her loss of 4 teeth, in the amount of $12,500, proportioned to the value of the assets each defendant received from the estate of Carlos A. Reading, deceased; and further, that any and all assets of the estate of Carlos A. Reading, deceased, still in the hands, control, power, or ownership of said defendants be ordered sold under the direction of the court and the proceeds

---

* The bill shows that plaintiff first engaged counsel to look after her claim on September 14, 1953.

therefrom be applied to the payment of plaintiff's damages decreed by the court."

Attached to the bill and constituting a part thereof is a letter written by the probate judge to plaintiff's counsel under date of September 30, 1953. The letter reads, in entirety, as follows:

"JAY H. PAYNE
Washtenaw County
Probate and Juvenile Court Judge
Ann Arbor, Michigan
September 30, 1953
"Mr. Robert F. Robbins
Attorney at Law
1300 Penobscot Building
Detroit, Michigan
"Re: Estate of Carlos A. Reading, Deceased
    Our File #40,294
    Estate of Lena Reading, Deceased
    Our File #40,295
"*My dear Mr. Robbins:*

"In response to your inquiry of September 28, 1953, you will please be advised that the 2 above captioned estates were probated in this court with Douglas K. Reading, son, acting as executor of his father, Carlos A. Reading's estate, and as administrator of his mother, Lena Reading's estate.

"His final accounts as executor and administrator were filed, heard and allowed and the estates ordered closed on September 3, 1953.

"Mr. Douglas K. Reading is a Washtenaw county attorney with offices at 305 Ann Arbor Trust Building, Ann Arbor, Michigan.

"Courteously yours,
"/s/ JAY H. PAYNE
"Jay H. Payne
Judge of Probate"

*First:* The bill makes no charge of fraud beyond naked pronouncement that defendants' prompt pro-

bating of the estate without actual notice to plaintiff "worked a constructive fraud." Neither does it charge them with affirmative representation, or silence when there was a duty to speak, on the basis of which a court of equity might find that fraud— actual or constructive—induced plaintiff to belief that failure of suit or filing of claim prior to closing of the estate on September 3, 1953, would not prejudice her rights. It does not even allege duty on the part of any of the defendants to notify her that the probate proceedings were pending and headed toward prompt closing. Reading between the lines, it establishes all too clearly that somnolent negotiations and slumber on rights to exclusion of other causes have left plaintiff in position where she has no pending estate against which to file claim and no fiduciary to sue.

Judge Picard's carefully considered opinion in *Young* v. *Moore,* 127 F Supp 265, discloses similar slumber and consequent mournful result. His view of Michigan law in that case, which we adopt, save only as presently noted, leads to reluctant conclusion that there is no equity on the face of this bill.

The right to file claim or suit based on an obligation of a decedent accruing in his lifetime, whether it sound in tort or otherwise, is provided for and limited by the probate code. The equity of this bill is destroyed by the disclosed fact of written notice to the plaintiff's attorney, by the probate judge under date of September 30, 1953, that the estate had been closed 27 days earlier. Plaintiff through her attorney thus received direct and ample notice of the expeditiously closed probate proceeding at a time when she had a full 64 days within which to petition the probate court for rehearing and setting aside of the order discharging fiduciary and closing estate. The probate judge, considering the bill-revealed fact

of liability-insured protection of the estate, undoubtedly would have done so had he been duly petitioned under the statute quoted at margin.* And, whether that be right or not, his decision would have been open to timely review.

Plaintiff's failure to act under the last-mentioned statute is unexplained by the bill and it was unexplained at oral argument even though direct question by the Court addressed to plaintiff's counsel extended full opportunity to such end. Withal, the case proves again the oft-repeated byword successful trial lawyers learn, early in life the hard way: "Sue first and talk afterward."

We would not be misunderstood. If this bill alleged that equitably-actionable fraud, mistake, or accident, was the cause of plaintiff's loss of a target, party or estate, equity would be quick to accept jurisdiction and order full testimonial hearing. But no allegation of such character appears here. Instead, the bill discloses without compelling equities of excusive nature that the sole reason for plaintiff's predicament was and is her own inactivity between September 30th and December 3d in the year 1953.

We cannot infer fraud, as did the chancellor. It or equitable counterpart must be pleaded in a case like this to withstand motion to dismiss and it must be proven later, directly or circumstantially. This Court, hence, is without alternative. The bill must

---

* "Sec. 19. * * * To that end he may, upon the filing in said court of a petition therein, within 3 months of the original hearing, or of the rendering or making of any order, sentence or decree, as the case may be, and after due notice to all parties interested, grant rehearings, and may modify and set aside orders, sentences and decrees rendered in such court: Provided, That the jurisdiction conferred by this section shall not be construed to deprive the circuit court in chancery in the proper county of concurrent jurisdiction as originally exercised over the same matter: Provided further, That the court shall make and enter an order with respect to the original hearing or rehearing of contested matters within 3 months after the termination of such hearing or rehearing." (CL 1948, § 701.19 [Stat Ann 1943 Rev § 27.3178(19) ].)

be dismissed subject to statutory right of amendment below.

*Second:* It is possible, although no explanation in such regard has been given in brief or argument, that plaintiff's counsel accepted the 1947 amendment of section 56 of chapter 4 of the probate code (CL 1948, § 704.56 [Stat Ann 1955 Cum Supp § 27.3178 (307)]) as foreclosing a petition under section 19 of chapter 1 of the code (CL 1948, § 701.19 [Stat Ann 1943 Rev § 27.3178(19)]) to rehear and vacate the order discharging fiduciary and closing estate. We allude to this feature of the case because Judge Picard's previously-mentioned opinion in *Young* v. *Moore* might in view of language appearing on page 267 of report be construed that way. To set things right the profession is advised that a petition to rehear or vacate under said section 19 is not a petition to reopen under said section 56, and that the plenary authority of a probate judge to rehear and vacate under said section 19 is unaffected by the proviso which was added to said section 56 in 1947 (Act No 135). The proviso to which we refer modifies its section only.* It reads as follows:

"Provided, however, That the failure of a claimant to file a claim against said estate during the original administration thereof shall not be a cause for reopening the same or for the appointment of a successor fiduciary."

---

* We said, in *Erdelyi* v. *Erdelyi*, 279 Mich 282, 284:

"As stated in *United States* v. *Morrow*, 266 US 531, 534, 535 (45 S Ct 173, 69 L ed 425):

" 'The general office of a proviso is to except something from the enacting clause, or to qualify and restrain its generality and prevent misinterpretation. * * * Its grammatical and logical scope is confined to the subject matter of the principal clause. * * * And although sometimes used to introduce independent legislation, the presumption is that, in accordance with its primary purpose, it refers only to the provision to which it is attached.' "

We conclude with observation that the quoted proviso has not softened or diluted the force of our early construction of that which is now said section 19—reference being made to the complete opinion in *In re Fletcher's Estate,* 265 Mich 234, 236, *viz.,*

"The probate court has jurisdiction, upon petition and notice, to grant rehearings, and to modify and set aside orders, sentences and decrees within 90 days after rendition. CL 1929, § 15519. Defendant contends that this power ends when the estate is decreed closed. The statute retains the power during the period mentioned."

This means that an estate is not finally "closed" until expiration of the 3-month period following entry of the closing order. It means, too, that a timely petition to rehear or vacate must disclose good cause and absence of prejudice to those who in good faith and in the interim have acted in reliance on such closing order.

*Third:* It is noted from the bill that plaintiff's minor children, who with plaintiff occupied one of the cars involved in the mentioned collision, were similarly injured and have similar claims. To avoid possible misconstruction of this opinion, it should be said that the notice to plaintiff's attorney given by the probate judge's quoted letter was not corresponding notice to such children and that their rights if any in equity are in no manner affected by the presently-ordered dismissal.

The order below is reversed, and the case is remanded to circuit for entry of order granting defendants' motion to dismiss. The order will provide plaintiff the right of amendment within 15 days. See

*Lamb* v. *Jeffrey,* 41 Mich 719 and CL 1948, § 650.18 (Stat Ann 1943 Rev § 27.2608).

Defendants will recover costs of this appeal.

SHARPE, EDWARDS, BOYLES, KELLY, and CARR, JJ., concurred with BLACK, J.

DETHMERS, C. J., concurred in the result.

SMITH, J., took no part in the decision of this case.