*In re* CURZENSKI ESTATE

HINZ *v.* CURZENSKI ESTATE

1. ESTATES—PROBATE—CLOSING OF ESTATE—REOPENING OF ESTATE.
   Estates may be reopened at any time upon the discovery of new assets in spite of a statutory requirement that claims for rehearing must be made within three months of the closing of the estate; such statutory requirement is not intended to bar a prompt attempt to reach an after-discovered asset of the estate (CL 1948, §§ 701.19, 704.56).

2. ESTATES—ASSETS—TIME OF DISCOVERY—LIABILITY INSURANCE PAYMENT.
   A liability insurance payment to the estate of a deceased motorist is not an after-discovered asset; therefore trial court's rejection of plaintiff's motion to reopen a deceased insured's estate to reach a liability insurance payment was proper when the attempt was made more than three months after the estate was closed (CL 1948, § 701.19).

---

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 31 Am Jur 2d, Executors and Administrators § 124.

3. Estates—Assets—After-Discovered Assets—Definition.

After-discovered assets, discovery of which would be grounds for reopening an estate, are only those which were unavailable and unknown to possible claimants during the probate of the estate.

Appeal from Wayne, James N. Canham, J. Submitted Division 1 April 11, 1969, at Detroit. (Docket Nos. 4,833, 4,834.) Decided May 28, 1969. Rehearing denied July 14, 1969. Leave to appeal granted November 6, 1969. See 382 Mich 791.

Petition by Marlene Hinz for appointment of an administrator *de bonis non* of the estate of Edward Curzenski, deceased, and complaint by Marlene Hinz against Patrick J. Keating, administrator of the estate of Edward Curzenski, deceased, for damages resulting from an automobile accident. Defendants' motions for accelerated judgment granted in both cases. Plaintiff appeals. Affirmed.

*Roland L. Olzark,* and *Yoe, Casey & Moore,* for plaintiff.

*Eggenberger & Eggenberger,* for defendant Keating.

BEFORE: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

Fitzgerald, J. On March 1, 1964, decedent Edward Curzenski was killed when his car struck a light pole at 100 miles per hour. Plaintiff-appellant, a passenger, was critically injured. A hearing on claims against the estate was held on July 2, 1964, but plaintiff entered no appearance. The next day, her counsel informed State Farm Insurance Company, decedent's insurer, of her claims against the policy, with which the insurer disagreed. Following long negotiations,

a payment of $1,000 for medical bills was made to her by State Farm in November of 1964 under the medical payments provision of the policy, but in the meantime the estate had been closed on August 12, 1964, allegedly without the knowledge of plaintiff.

Considerable public liability payments were available to proper claimants against the estate from the insurance company. In January of 1965, plaintiff allegedly first became aware of the closing of the estate and, desiring to reach these payments, requested that the probate court reopen the estate and appoint a new administrator, which it did, naming defendant Keating on April 30, 1965. Plaintiff then sued the estate on August 4, 1965, through Keating as administrator, in the Wayne county circuit court, seeking recovery from the liability insurance payments.

She also sought an injunction against State Farm on July 8, 1966, based on constructive fraud, for inducing her to withhold filing this liability suit during the time the estate was being probated by engaging in the long negotiations concerning the $1,000 payment under the medical payment provision of the policy. The injunction seeks to prevent State Farm from invoking the "non-claim" provisions of the policy which would otherwise bar her from the liability action by application of the statutory three-month limitation on petitions for rehearing claims against estates already ordered closed.[1] The State Farm suit is pending below following a denial of defendant's motion for summary judgment.

Mr. Keating, believing the estate to be immune from liability, resigned as administrator on September 27, 1965, and filed his final account on September

---

[1] CL 1948, § 701.19 (Stat Ann 1962 Rev § 27.3178[19]), hereinafter referred to as § 19.

14, 1966. Plaintiff sought, and was denied, the appointment of a successor administrator in the probate court. Her appeal of that order to the circuit court was also denied. Thus, the Wayne county circuit court, on December 1, 1967, granted two motions for accelerated judgment,[2] one by defendant Keating to dismiss the suit against himself, thereby depriving the court of jurisdiction over plaintiff's action against the estate, and one by the estate to prevent the appointment of a successor to Keating. Plaintiff's appeal of these orders to this Court followed. She is not appealing the order permitting the discharge of Keating.

Several of the issues raised here by plaintiff are intertwined, and more appropriately concerned with her claims against State Farm Insurance Company, and we will not attempt to tamper with a cause still subject to the wisdom of the circuit court of Wayne county.

Although the correctness of granting the above orders may be restated simply as the two issues to this appeal, as is done by defendants, plaintiff instead takes us back to the events which occurred following the closing of the estate in her attempt to show that she should be permitted to reach these assets. She alleges that since the provisions of CL 1948, § 704.56 (Stat Ann 1962 Rev § 27.3178[307]), hereinafter referred to as § 56, provide for a reopening of a closed estate to probate after-discovered assets of the estate, she is entitled to reach the liability insurance proceeds despite her failure to act within 90 days of the closing of the estate. Contrary to defendant's only argument on this issue, she believes that the following portion of § 56 does not *bar* her claim:

---

[2] GCR 1963, 116.

"Provided, however, that the failure of a claimant to file a claim against said estate during the original administration thereof shall not be a cause for reopening same or for the appointment of a successor fiduciary."

If she is barred by this section, her claim in circuit court against the estate, made of necessity against an administrator, must fail due to the requirement of § 19 that a claim for rehearing be made within three months of the closing of the estate before the probate court obtains initial jurisdiction to reopen the estate and appoint the new administrator.

This result would impose the bar of a statute of limitation of three months on this negligence claim instead of the three years normally available under the applicable negligence injuries statute.[3] We shall not, as also noted above, now evaluate the propriety of the actions of State Farm in allegedly not notifying plaintiff of the probate proceedings so that she might have sued for the now unreachable liability insurance payment to the estate.

Reading the entire Probate Code together in an attempt to create a harmonious whole,[4] we find that although the three-month period had expired, the estate may be reopened upon the discovery of new assets. The quoted portion of § 56 is intended to prevent tardy claimants from reopening and confusing the disposition of an estate closed more than three months before,[5] and is not intended to bar a prompt attempt to reach an after-discovered asset of the estate.

---

[3] CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

[4] *In re Chamberlain* (1941), 298 Mich 278; *Young* v. *Moore* (ED Mich, 1954), 127 F Supp 265.

[5] *Young* v. *Moore, supra; Melvin* v. *Reading* (1956), 346 Mich 348, distinguishing a petition to rehear (which must be filed in three months under § 19) from a petition to reopen under § 56, as here.

Plaintiff appears subject to the criticisms by Justice Black of plaintiffs in *Melvin* v. *Reading, supra,* and *Young* v. *Moore, supra,* that her failure to reach the estate in time was caused by her own "somnolent negotiations and slumber on rights" leaving her with only a "mournful result".

We must determine whether a liability insurance payment to the estate is an after-discovered asset. There is no adequate showing by plaintiff that this is so. Her letters by counsel to State Farm at least reveal she was aware that liability insurance might be reachable.

Two weaknesses appear in this appeal. First, it is not clear that the liability insurance payment was an "after-discovered" asset within the meaning of § 56, and no authority is presented to convince us otherwise, save *dicta* from, and an inferential interpretation of, *In re Critchell Estate* (1960), 361 Mich 432.

The fact that plaintiff was at least aware of the existence of the asset during 1964 is evidenced by her letters to State Farm and her admission that she did not begin an action to reach these assets because she feared the company would not negotiate on the medical payments provision. The "discovery" of the asset was allegedly made "after" the estate was closed but we find that this language of § 56 is concerned with assets unavailable and unknown to possible claimants during the probate of the estate, *i.e.,* new assets.

The case of *Young* v. *Moore, supra,* citing CL 1948, § 708.22 (Stat Ann 1962 Rev § 27.3178[432]), supports the holding here that in order to protect an unliquidated claim against an estate from an attack based on tardiness, plaintiff should have started suit

and given notice to the probate court so that no part of the estate was distributed.[6]

Affirmed. No costs, construction of a statute being involved.

All concurred.

[6] See *Manufacturers National Bank of Detroit* v. *Sutherland*, (1969), 16 Mich App 286.